# Fite, Porter & Co. *v.* Kennamer.

*Bill in Equity for Removal of Cloud on Title, and Sale of Land for Partition.*

1. *Execution of deed; who are grantors.*—When a mortgage is executed by the husband as security for his own debt, conveying a tract of land which belongs to himself and his wife jointly, but the wife's name is nowhere mentioned in it, merely affixing her signature to the instrument, and joining in the acknowledgment of it, do not make it binding on her as a grantor, nor affect her interest in the land.

2. *Amendment of bill; when allowable.*—The original bill, filed by a married woman, asking the cancellation of a mortgage executed by her husband, as a cloud on her title to an undivided interest in a tract of land, and to be placed in possession as a tenant in common with the purchaser at the sale under the mortgage; an amendment may be allowed, striking out the prayer for possession, and praying a sale for partition, or equitable division; and the fact that the original bill was wanting in equity, because it showed on its face that the mortgage did not convey the complainant's interest in the land, does not affect the right to an allowance of the amendment.

[Fite, Porter & Co. v. Kennamer.]

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 1st May, 1888, by Mrs. Sarah A Kennamer, the wife of S. W. Kennamer, against Fite, Porter & Co., a mercantile partnership doing business in Nashville, and others; and prayed relief as follows: (1) the cancellation of a mortgage on a parcel of land, as a cloud on the complainant's title to an undivided half-interest therein jointly with her husband, who had executed the mortgage to said Fite, Porter & Co.; (2) the cancellation of the deed to the nominal purchaser at a sale under the power in the mortgage, his reconveyance to the mortgagees, and their subsequent conveyance to a third person, all as alleged clouds on the complainant's title to her undivided interest in the land; (3) that complainant be placed in possession, as tenant in common, of her half-interest in the land; (4) an account of the rents and profits, and a decree in her favor for one-half the amount; and (5) other and further relief under the general prayer.

The land conveyed by the mortgage consisted of two lots in the town of Paint Rock, with the improvements thereon erected, which were sold and conveyed to the complainant and her husband jointly, by M. B. Keel and wife, by deed dated November 14, 1883, a copy of which was made an exhibit to the bill. The mortgage to Fite, Porter & Co., which was dated November 21st, 1884, purported to be given to secure an indebtedness to them by said S. W. Kennamer, and to be executed by him alone, the name of his wife not being mentioned in the body of the instrument; but her name was signed to it by mark, and the annexed certificate stated, in statutory form, an acknowledgment by both of them.

The defendants filed a demurrer to the bill for want of equity, (1) because complainant had an adequate remedy at law; (2) because it showed that she was not in possession of the land, and therefore could not maintain a suit to remove a cloud from the title; (3) because it showed that the mortgage was not a cloud on her title. The complainant afterwards filed an amended bill, striking out the prayer to be placed in possession, praying that the land be sold for partition, or equitable division, and alleging that it could not be equitably divided without a sale. The defendants demurred to the amended bill, on the same grounds as to the original, and because it was a departure from the original bill. The chancellor overruled this demurrer, and his decree is here assigned as error.

WATTS & SON, and J. E. BROWN, for appellants, cited *Blythe v. Dargin*, 68 Ala. 370; *Teague v. Martin*, 87 Ala. 500; *Dan-*

[Fite, Porter & Co. v. Kennamer.]

iel v. Stewart, 55 Ala. 278; Plant v. Barclay, 56 Ala. 561; Garrett v. Lehman, Durr & Co., 61 Ala. 591; Scott v. Ware, 64 Ala. 174; Micou v. Ashurst, 55 Ala. 607; Caldwell v. King, 76 Ala. 149; Meyer v. Bromberg, 74 Ala. 524.

J. B. ASHLEY, and W. H. NORWOOD, contra, cited Rea v. Longstreet, 54 Ala. 291; Lockett v. Hurt, 57 Ala. 198; Heard v. Hicks, 82 Ala. 484; Steed v. McIntyre, 68 Ala. 407; Shipman v. Furniss, 69 Ala. 555.

CLOPTON, J.—The assignments of error, pressed in argument, relate to overruling the demurrers to the original and amended bills, and the motion to dismiss for want of equity.

Since the decision in Agricultural Bank v. Rice, 4 How. 225, the rule has been regarded as settled beyond question, that a person whose name does not appear, and who is not otherwise designated as a grantor, in the body of a deed or mortgage of lands, does not become such by merely signing the instrument and affixing his seal, jointly with another, who is named and designated, and the conveyance does not operate to pass his estate or interest in the land.—Harrison v. Simons, 55 Ala. 510; Madden v. Floyd, 69 Ala. 221. Complainant is not named, nor is she otherwise designated, as a grantor in the mortgage, which she seeks by the bill to have removed as a cloud on her title to an undivided half-interest in the land, the subject of this suit. Her husband, who owned the other half-interest, only is named and designated, and he alone conveys. Though complainant affixed her seal jointly with her husband, the mortgage not containing any words of conveyance, or evidencing an intention to convey her estate or interest, it is void as to her.—Blythe v. Dargin, 68 Ala. 370. It is true, that in an action of ejectment, whether brought by complainant against the mortgagee, or by the mortgagee founded on the mortgage, she would not be required to offer extrinsic evidence to show the inherent defect, in order to recover in the one case, or to defeat a recovery in the other. The mere exhibition of the mortgage would be its condemnation. It may be conceded, that, as a court of equity will not intervene to remove a deed void on its face, as a cloud on the title, if this was the only purpose of the bill, it would be without equity. The record, however, does not disclose that any action was taken by the chancellor on the demurrer to the original bill; and it does not seem to be controverted that complainant is entitled to the relief granted, if the amendment to the bill was properly allowed; for, under the bill as amended, the cancellation of the mortgage is sought as preliminary and

incidental to the ultimate relief of partition. The propriety of the amendment is, therefore, the only question necessary to be considered.

The statute of amendments to bills is broad and liberal, extending to striking out or adding new parties, or to meet any state of evidence which will authorize relief. Before final decree, the amendment of the bill is a matter of right. The limitations upon its exercise are, that it shall not operate an entire change of parties, nor make a new case, nor work a radical departure from the cause of action stated in the original bill. New matter or new claim may be introduced, entitling complainant to additional or different relief from that specially prayed in the original bill, if it is not repugnant to its prayer and purpose. Whether the original bill contained equity—whether it presented a case of which the court could take cognizance, entitling complainant to relief, is not a material inquiry. If it did not, supplying or correcting its deficiencies was the proper office of an amendment.—*Prickett v. Sibert*, 75 Ala. 315; *Seals v. Pheiffer*, 81 Ala. 518.

The original bill alleges, that complainant and her husband jointly purchased the land in November, 1883, and took a conveyance to themselves jointly. In November, 1884, they made a mortgage to Fite, Porter & Co., to secure a debt due by her husband. The mortgage, which is made an exhibit to the bill, shows it to be a conveyance by the husband alone. The mortgagees sold under a power of sale contained therein, and became the purchaser through an agent; and took and remained in possession until they sold, or contracted to sell, to Hill, who went into possession. It further alleges, that an undivided half interest in the land is her statutory separate estate. Stripped of all redundant and superfluous allegations, the bill shows a tenancy in common between complainant and Fite, Porter & Co., or their vendee, each owning a moiety—all the facts necessary to authorize the court to decree a partition. Under the general prayer for relief, the complainant can obtain any relief appropriate to the case made by the bill, and not repugnant to the specific relief prayer, though in the special prayer she may have mistaken the relief to which she is entitled.—*May v. Lewis*, 22 Ala. 646.

The amendment merely inserted an allegation, that the land can not be equitably divided among the tenants in common, and struck out the special prayer, that complainant "be placed in possession as tenant in common of her said interest in said real estate," inserting in lieu thereof a special prayer for a sale of the land for the purpose of partition. In no respect are any of the averments of the original bill changed. The case made

by the bill as originally framed remains the same, with the single exception of an averment necessary to obtain a sale for partition under section 3262 of the Code. No new case is made, nor is there a radical departure from the cause of action stated in the original bill; nor is there the introduction of an inconsistent claim, entitling complainant to relief of a wholly different character; the relief—partition—is of the same kind, though obtained by a sale instead of a division. The amendment was properly allowed.

Affirmed.