# Davidson *et al.* v. Alabama Iron & Steel Company.

## Statutory Action of Ejectment.

1.   *Execution of deed; who are grantors.*—The mere signature of a
woman to a deed of trust, purporting to convey land which belongs
to her, in the body of which instrument the name of another person
only is mentioned as a grantor, does not make it her deed.

2.   *Certificate of acknowledgment.*—A certificate of acknowledgment
which does not state that the grantor was known to the officer, that
he was informed of the contents of the instrument, or that he execu-
ted the same voluntarily, is fatally defective.

3.   *Adverse possession; must be continuous for ten years, to support
claim of title.*—A claim of title to land by adverse possession for ten
years is not supported, where the evidence shows that at no time
since the claim is said to have accrued has there been a period of ten
years when the land was in the adverse possession of any claimant,

or number of claimants whose possessions could be legally tacked as continuous.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. L. F. Box.

This was a statutory action of ejectment, brought by the appellants, against the appellee, to recover certain lands described in the complaint. The defendant pleaded, (1) the general issue; (2) "Statute of limitations of twenty years;" and (3) "Statute of limitations of ten years." The plaintiffs claimed title under a patent issued to Lucinda Davidson by the United States, on the 1st day of June, 1858, conveying to her the lands sued for. The evidence showed that said Lucinda Davidson died about seven years before the commencement of this suit, and left surviving her the plaintiff, and two other children, her sole heirs. The defendant offered in evidence a deed of trust to one Hawley, purporting to convey the land sued for, and to have been signed by H. A. Davidson and said Lucinda Davidson, on the 15th day of May, 1858; but the name of H. A. Davidson only was mentioned in the body of said instrument as a grantor. The certificate of acknowledgment of said instrument was as follows: "The State of Alabama, Shelby county.—Personally came before me, Hiram Sumner, an acting justice of the peace in and for the county aforesaid, Henry A. Davidson, Lucinda Davidson, A. W. Hawley, and Harrison & Gregory, who acknowledged they signed the foregoing deed for the purposes therein mentioned. Given under my hand & seal, the fifteenth day of May, 1858. [Signed] Hiram Sumner, J. P." On objection made by the plaintiffs to the admission of said instrument in evidence, the court excluded it as a conveyance of the title of said Lucinda Davidson to said lands, but admitted it as showing color of title. The defendant introduced in evidence mesne conveyances connecting itself with the claim of the grantees under said deed of trust. The opinion sufficiently states the other evidence in the case. The plaintiffs requested the court to give the following charge in writing: "If the jury believe the evidence, they will find for the plaintiffs." The court refused to give this charge. To this action of the court the plaintiffs duly excepted. There were verdict

and judgment for the defendant, and the plaintiffs appeal.

W. R. OLIVER and W. S. CARY, for appellants.

E. S. LYMAN, *contra.*

HARALSON, J.—Under repeated decisions of this court, the mere signature of said Lucinda Davidson to said mortgage or deed of trust, as shown by the facts of this case, did not make it her deed.—*Sheldon v. Carter,* 90 Ala. 381 ; *Fite v. Kennamer, Ib.* 472. The acknowledgment of the paper, as certified by the justice of the peace, was also fatally defective.—*Merritt v. Phoenix,* 48 Ala. 87 ; *Roney v, Moss,* 76 Ala. 491. The court excluded this mortgage as a muniment of the legal title, but admitted it as color of title under the claim of adverse possession. The subsequent deeds of those under or from whom the defendant company claims title can be considered as of no higher value. The right of the defendant in the lands sued for, if any, rests alone upon its claim of adverse possession under clor of title, for a period sufficient to bar the legal title of the plaintiffs, which title antedates any claim of right on the part of defendant, or those under whom it claims.

The burden of proof being upon the defendant, it was incumbent on it to show, that the plaintiff's title was barred by its own continued adverse possession of the premises, for a period of at least ten years before suit brought, or by those under whom it claims, whose possession could be held to be continuous.—*Eureka Co. v. Norment,* 104 Ala. 625 ; *Riggs v. Fuller,* 54 Ala. 141.

The evidence fails to show that Harrison & Gregory, the alleged purchasers and owners,—from whom defendant's claim must arise, if from any one,—ever had the actual possession of the lands. It is inferable that they never saw them in their lives. Nor was it shown that their vendee, Brock, was ever on, or had any possession of, the premises. The first person found in actual possession of them was one Henderson, to whom Brock sold them in 1860 or 1861. Henderson's claim is shown to have been adverse. He died in 1862, but his widow remained on the premises until 1867 or 1868, claiming the lands as her husband's. This would make

a period of seven years.   But, of this period, the time elapsing from the 11th January, 1861, to the 21st of September, 1865, by the terms of the ordinance ·of the convention of the State, adopted 21st September, 1865, cannot be estimated —*Eureka Company v. Norment, supra.*   Deducting this time, and not more of this period remained than from two to three years.   Weed succeeded to the possession of the Hendersons, without a . break, and continued to hold until the 20th May, 1870, —the date of his sale to Lewis & Harrison,—a period of from two to three years, which, added to ·the Henderson possession, would make a term of from four to six years, at most.   The evidence shows that Lewis & Harrison, the vendees of Weed, were never in the occupancy or possession of the lands, but that they remained, unoccupied by any one, until April, 1883, when Lewis & Harrison conveyed to Thos. Peters and Thos. Krutz, with the single exception that a strolling, loose woman, by the name of Honeycut, in 1874, of her own will, and. without the knowledge or consent of any one, went into the house on the land built by Henderson and remained in occupancy of it, and the garden attached, from four to six months; according to the recollection of one of the witnesses, and from twelve to fourteen, according to that of another.   She abandoned, the house having been destroyed by fire, and no one was seen on the lands afterwards, until 1883.

Admitting the possession of Peters and Harrison and defendant under them to have been adverse and continuous, till the commencement of this suit, on the 1st of October, 1890, still such possession ran for a period of less than seven and.a half years.   It thus appears from the evidence, which is without conflict, that at no time since defendant's claim is said to have accrued, has there been a period of ten years when these lands were in the adverse possession of any claimant, or any number of claimants whose possessions could be legally tacked as continuous.   The defendant failed to make good the defense set up, and the general charge in favor of the plaintiffs, as requested, should have been given.

It is unnecessary to consider any other questions raised in the case.

. Reversed and remanded.