# Brown *v.* O'Byrne.

### *Assumpsit.*

(Decided June 0, 1907.  45 So. Rep. 129.) )
(Rehearing denied Dec. 19, 1907.)

1. *Landlord and Tenant; Lease; Persons Bound.*—A lease reciting that it is made between the parties mentioned therein and signed by such parties and a third person does not bind such third person.

2. *Evidence; Parol to Explain Writing.*—A lease recited that it was made by and between two named parties, and it was signed by them and a third party. Held, parol testimony was inadmissible to show that the third party signing such lease intended to bind himself thereby.

3. *Fraud; Statute of; Guaranty.*—The liability of a guarantor cannot be established by parol testimony under the statute of frauds.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by W. A. Brown against T. W. O'Byrne. From a judgment for defendant, plaintiff appeals. Affirmed.

The complaint is in the following language: "Plaintiff claims of the defendant the sum of $200, for this: That heretofore, on, towit, the 1st day of February, 1904, defendant signed an instrument in writing, which said instrument was also signed by plaintiff, in which said instrument it was agreed that the sum of $60 per month should be paid to the plaintiff for a certain two-story brick house in Pratt City, Ala., on First avenue, between Third and Fourth streets, as rent for said building, which was to be occupied by McDaniel & Bowers for a saloon from the 1st day of February, 1904, to the 31st day of December, 1904. And plaintiff avers that the rents for the months of November and December, 1904, towit, $120, with interest, have never been paid, and that the same are now past due, and that there are no offsets or counterclaims against the same. [Here fol-

low the stipulation to pay attorney's fees, and allegations that $80 was a reasonable fee, and an allegation of waiver of exemption.] Count 2: Plaintiff claims of the defendant the sum of $200 under and by virtue of the terms of a certain written instrument bearing date, towit, February 1, 1904, whereby plaintiff leased to McDaniel & Bowers a certain two-story brick house in Pratt City, Ala., on First avenue, between Third and Fourth streets, to be used and occupied by said McDaniel & Bowers as a saloon from the 1st day of February, 1904, to the 31st day of December, 1904, at a monthly rental of $60 per month. [Here follows an averment of rent due same as in count 1; also an averment to pay attorney's fees and of a waiver of exemption.] And plaintiff avers that the payment of said rent and the performance of all other terms and conditions of said lease was guaranteed by the defendant T. W. O'Byrne, and that the said O'Byrne, by signing said lease or instrument in writing, did guarantee the payment of said rents." The third count was added by way of amendment, setting out the lease contract in so many words, with the other averments as contained in counts 1 and 2. The fourth count is the same as the third count, with the additional allegation that the defendant executed said agreement for a valuable consideration as a surety for the said McDaniel & Bowers. The fifth count is the same as the third, with the additional allegation that the defendant executed said contract as a surety for the said McDaniel & Bowers. The sixth count is the same as the third, with the additional averment that the defendant executed said contract by signing his name thereto and agreed to guarantee the performance of the covenants therein on the part of said McDaniel & Bowers. The seventh count is the same as the third count, with the additional allegations of the fourth and sixth

[Brown v. O'Byrne.]

counts. By additional amendment the written contract is made a part of the first and second counts. What is said in the opinion and in the pleading sufficiently describes the lease contract and the manner of the defendant's signature thereto. The defendant demurred to the several counts of the complaint, raising the propositions decided in the opinion. The demurrers to the complaint were sustained, and, the plaintiff declining to plead over, judgment was rendered for defendant.

POWELL & BLACKBURN, for appellant. Parol testimony was admissible to supply the words omitted from the instruments in writing.—*Boykin v. Bank of Mobile*, 72 Ala. 269; Chitty on Bills & Notes, 151. Contracts must be interpreted in the light of surrounding circumstances, the occasion which gives rise to them, the relative position of the parties, and their obvious design as to the object to be accomplished in order to arrive at their true meaning, and to carry out their intetntion.—*Robinson v. Bullock*, 58 Ala. 618; *Russell v. Erwin*, 41 Ala. 292; *Lehman v. Levy*, 69 Ala. 48; *Rutledge, Admr. v. Townsend*, 38 Ala. 706; *Owen v. McGhee*, 61 Ala. 440; *Summerhill v. Tapp*, 52 Ala. 227; *Bank of Mobile v. Coleman*, 20 Ala. 140; *Pollard v. Maddox*, 28 Ala. 321; *McTyer v. Steele*, 26 Ala. 487.

FRANK S. WHITE & SONS, for appellee. The questions at issue have been fully and definitely settled by this court.—*Fite, et al. v. Kennemar*, 90 Ala. 470; *Hammond v. Thompson*, 56 Ala. 589; *Blythe v. Dargan*, 68 Ala. 270; *Davidson v. Ala. S. & W. Co.*, 109 Ala. 383. These principles are also sustained by the following cases from other courts.—45 U. S. 225; 128 Mass. 538; 144 Ill. 213; 74 Hun. 536; 54 N. Y. St. 915; 24 N. Y. Supp. 1081;; 9 Cyc. 301.

[Brown v. O'Byrne.]

SIMPSON, J.—This was an action by the appellant against the appellee, seeking to recover on a certain written lease set out in the pleadings. The lease, in its body, states that it is made "by and between W. A. Brown and McDonald & Bowers," and is signed by said Brown and M. Bowers and Henry McDonald, the partners of said firm of McDonald & Bowers. There also appears, after these signatures, the name of the appellee, and the complaint alleges that by signing his name thereto the defendant agreed to guarantee the performance of the covenants contained therein on the part of said McDonald & Bowers. It is too well settled in this state to admit of controversy that where an instrument in writing purports on its face to be made by certain parties named therein, and the signature of a party not named therein appears to the instrument, it is not the deed or contract of said last-named party, and parol testimony is not admissible to show that he intended to bind himself thereby.—*Fite, Porter & Co. v. Kennamer*, 90 Ala. 470, 7 South. 920; *Hammond v. Thompson*, 56 Ala. 589; *Blythe v. Dargin*, 68 Ala. 370; *Davidson v. Ala. Steel & Wire Co.*, 109 Ala. 383, 19 South. 390; *Agr. Bank of Miss. et al. v. Rice et al.*, 4 How. (U.. S.) 225, 11 L. Ed. 949; *Lancaster et al. v. Roberts et al.*, 144 Ill. 213, 33 N. E. 27; *Evans v. Conklin et al.*, 71 Hun. 536, 24 N. Y. Supp. 1081; *Blackmer v. Davis*, 128 Mass. 538. It may be added that to allow the liability as guarantor to be established by parol in this case would be violative of the statute of frauds.

The demurrers to the complaint were properly sustained, and the judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.