# Richmond

ARMOND CAPLAN, ALAN FLEDER, HARRY FLEDER, HERBERT L. KRAM-
ER AND ROBERT C. STACKHOUSE v. FREDERICK T. STANT, JR., EXECU-
TOR OF THE ESTATE OF HOWARD C. OWINGS, JR., DECEASED, ET AL.

April 24, 1967.

Record No. 6398.

Present, Eggleston, C. J., and Buchanan, Snead, Carrico and Gordon, JJ.

*Jerrold G. Weinberg (Stackhouse & Weinberg,* on brief), for the plaintiffs in error.

*Harold P. Juren* and *Montgomery Knight, Jr. (Maurice B. Shapero; Doumar, Pincus, Anderson and Knight,* on brief), for the defendants in error.

EGGLESTON, C. J., delivered the opinion of the court.

Armond Caplan and others, as assignees of R. & L. Investment Company, Incorporated, filed their motion for judgment against Trans-Vans, Incorporated, Frederick T. Stant, Jr., Executor of the estate of Howard C. Owings, Jr., deceased, Robbie A. Owings, Thomas E. Massie and Helen P. Massie, alleging that R. & L. Investment Company, as lessor, had entered into a written lease with Trans-Vans, Incorporated, as lessee, for the rental of certain property in the city of Norfolk at an agreed rental of $400 per month; that Howard C. Owings, Jr., Robbie A. Owings, Thomas E. Massie and Helen P. Massie had "executed said lease as sureties of the obligations of Trans-Vans, Inc. under said lease;" that the defendants had failed to pay the installments of rent amounting to $2400, for which they were liable; and that R. & L. Investment Company had assigned its interest in the lease to the plaintiffs. It was further alleged that Howard C. Owings, Jr. had recently died and that Frederick T. Stant, Jr. had qualified as executor of his estate. A copy of the lease was attached to the motion.

The corporate defendant Trans-Vans, Incorporated, made no defense to the motion and judgment was entered against it for the amount claimed to be due. The other defendants demurred to the motion on the ground among others, that the plaintiffs' claims were unenforceable under the fourth clause of the statute of frauds [Code, § 11-2(4) (Repl. Vol. 1964)], in that the lease contained "no written promise or contract or memorandum of suretyship or of any other contractual obligation by these defendants." Subsequent to the filing of his demurrer the defendant Thomas E. Massie died and the Seaboard Citizens National Bank of Norfolk, his executor, was substituted as a party defendant. The lower court sustained the demurrers of these defendants and dismissed the plaintiffs' motion for judgment against them. The plaintiffs have appealed.

Pertinent to the questions involved on this appeal are the opening

paragraph of the lease and the manner in which the signatures and seals are affixed thereto. These are as follows:

"THIS AGREEMENT OF LEASE, Made this 17th day of August, 1956, between R. & L. INVESTMENT CO. INC. lessor by GEORGE N. BADRAN & COMPANY agents, hereinafter called agent, * * * and TRANS-VANS, INC. lessee * * * , hereinafter called tenant.

"WITNESSETH: That the lessor lets unto the tenant [certain property on Killam Avenue, in the city of Norfolk] * * *.

\* \* \* \*

"WITNESS the following signatures and seals:

> "R. & L. Investment Co. Inc. Owner  (Seal)
> "By  J. Tom Hill  Sec'y-Treas.

"Thomas E. Massie  (Seal)
"Helen P. Massie    (Seal)

> "George N. Badran & Co. Agents  (Seal)
> "George N. Badran                      (Seal)
> "TRANS-VANS, INC.                   (Seal)
> "By:  H. C. Owings, Jr. Pres.      (Seal)
> "H. C. Owings, Jr.                       (Seal)
> "R. A. Owings                            (Seal)"

An inspection of the original lease shows that the signature of R. A. Owings appears at the bottom of the page, leaving no room thereafter for the signatures of Thomas E. Massie and Helen P. Massie. None of the individuals whose names are signed at the end of the lease is referred to in the body of the instrument.

The first contention of the appellant plaintiffs is that the statute of frauds is not applicable, because their motion for judgment alleges that the individual defendants "executed said lease as sureties of the obligations" of the lessee, which denotes a primary rather than a collateral obligation on their part, and that the demurrer admitted this allegation. The ready answer to this contention is that such allegation in the motion, unsupported by reference to any appropriate language in the lease or other relative facts, is merely the allegation of a legal conclusion, the correctness of which is not admitted by the demurrer. *Ames* v. *American National Bank*, 163 Va. 1, 38, 176 S. E. 204, 216; *Hoffman* v. *First National Bank of Boston*, 205 Va. 232, 236, 135 S. E. 2d 818, 821.

The main question presented is whether the individual defendants whose names are signed at the end of the lease but who are not named in the instrument may be held as obligors thereon.

The plaintiff appellants contend that while the individual defendants are not named in the body of the lease, it may be shown by extrinsic evidence that they signed and affixed their seals to the instrument with the intent and for the purpose of making themselves parties thereto, with the result that they are bound to the performance of the terms of the contract.

The defendant appellees argue that whether they are parties to the lease must be determined from the instrument itself, that since the instrument shows on its face that it is a contract between the named lessor and the named lessee, and the individual signers are not mentioned in the instrument, they are not parties thereto, are not bound by its terms, and parol evidence is not admissible to show the contrary.

In 17 Am. Jur. 2d Contracts, § 295, p. 712, it is said: "The general rule supported by the courts is substantially to the effect that when the body of a contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract, and there is nothing in the contract to indicate that such person signed as a party, such person is not bound by the contract and hence is not liable thereunder." However, that authority continues that: "In a number of other cases, it was held that under the circumstances the person who signed but was not named in the body of the contract as a party thereto was nevertheless liable on the contract."

In 94 A. L. R. 2d 691 *ff.* there is a comprehensive annotation under the title "Person who signs contract but is not named in body thereof as party to contract and liable thereunder." There a number of cases are collected which support the holding that such a signer of a contract was not liable thereon as a party. See Annotation, 94 A. L. R. 2d, § 3, p. 696 *ff.* Among these are the cases relied on by the appellee defendants, including *Brown* v. *O'Byrne*, 153 Ala. 621, 45 So. 129, where the principle was applied to a lease. See also, the recent case of *Nutrena Mills* v. *Earle*, 14 Wis. 2d 462, 111 N. W. 2d 491, 94 A. L. R. 2d 686, where the principle was applied to a farm finance agreement.

For a number of cases holding that under the particular circumstances the person who signed but was not named in the body of the contract as a party thereto was liable on the contract see Annotation, 94 A. L. R. 2d, § 4, p. 701 *ff.* The rationale of these latter cases is that it must be assumed that a name signed to a contract has some purpose and that the circumstances under which the signature was

attached indicated the intention that the signer adopted the instrument as his personal obligation.

In *Raynolds* v. *Gore*, 31 Va. (4 Leigh) 276, we held that a person who had signed a bail bond was liable thereon as surety although his name was not mentioned in the body of the instrument. Similarly, in *Luster* v. *Middlecoff*, 49 Va. (8 Gratt.) 54, 56 Am. Dec. 129, we held that a person who had signed the official bond of an executor was liable as a surety thereon although he was not named in the body of the instrument.

It is true that each of these cases involved a unilateral contract and a statutory bond, but the holding in each supports the principle for which the plaintiffs contend, that one who has signed an instrument may nevertheless be liable thereon although his name does not appear in the body of the instrument and that circumstances not disclosed in the body of the instrument may show the purpose for which the signature was affixed.

In the case before us it must be assumed that these individual defendants signed the instrument and affixed their seals thereto for some purpose. It is interesting to observe that H. C. Owings, Jr. signed the instrument both as president of the corporate lessee and in his individual capacity. Does his individual signature indicate an intention to be bound as a surety for the obligations of the lessee? Do the signatures of the other individuals indicate this purpose? Since the purpose for which the individuals affixed their names to the lease is not disclosed in the instrument, evidence should be developed as to why and under what circumstances they did so.

It is well settled that such evidence which relates to the formation or existence of a contract between the parties is not in violation of the parol evidence rule. The parol evidence rule prohibits the introduction of extrinsic evidence to vary the terms of a written instrument. It does not exclude evidence as to whether a valid contract has been made or entered into between the parties, which is one of the principal issues in the present case. 3 Corbin on Contracts, § 576, p. 384; *Id.*, § 577, p. 385 *ff.*; 20 Am. Jur. Evidence, § 1093, p. 954. Nor does it prohibit the showing of the true relation of the parties to the contract, which is among the questions here involved. 20 Am. Jur. Evidence, § 1125, p. 980 *ff.*; 32A C. J. S. Evidence, § 994, p. 507. See also, Annotation, 94 A. L. R. 2d, § 8, p. 712 *ff.*

Should the evidence to be taken show that the individual defendants, or any of them, affixed their signatures and seals to the lease with the intent to be bound by its terms, it must be determined

whether the undertaking of the signers, or any of them, was a primary obligation, which would not be within the statute of frauds, or a collateral undertaking guaranteeing the performance of the obligations of the lessee, which would be within the statute of frauds and must be supported by a written promise. Code, § 11-2(4); 8 Mich. Jur. Frauds, Statute of, §§ 9, 10, pp. 769, 770.

Being of opinion that the lower court erred in sustaining the demurrer and dismissing the plaintiffs' motion for judgment, the judgment is reversed and the case remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*