239 So.2d 204

**Thomas D. WILLIAMS**

**v.**

**A. O. ATCHISON, doing business as A. O. Atchison Furniture Co.**

**1 Div. 24.**

Court of Civil Appeals of Alabama.

Sept. 2, 1970.

Fred F. Smith, Jr., Prichard, for appellant.

Charles S. Street, Mobile, for appellee.

WRIGHT, Judge.

Trial de novo, after appeal from judgment in General Sessions Court, was had in the Circuit Court of Mobile County without a jury. Suit was filed against appellant-defendant for a balance due under a written conditional sales contract allegedly executed by appellant. The amount claimed as due was $417.07, together with a reasonable attorney fee in the amount of $139.02. No pleadings by appellant were filed and the record only indicates that "issue was joined."

Plaintiff presented one witness, a credit manager, who identified as an office record, a conditional sales contract signed by an agent of plaintiff, and bearing the signatures of Gladys Williams and T. D. Williams. The body of this instrument bore only the names of Gladys Williams and A. O. Atchison Furniture Store. There was attached to the contract an account or ledger sheet in the name of Gladys Williams on which was entered notations of various payments credited to the account. These instruments were received into evidence as Exhibits 1 and 2 over the objection of appellant.

The oral testimony of the witness tended to show that Gladys Williams was the wife of T. D. or Thomas D. Williams; that on June 22, 1967, Gladys Williams purchased a washing machine from the Atchison Furniture Store and signed a conditional sales contract with the store thereon. The witness stated that the sale was made to appellant's wife with the "understanding" that when the machine was delivered to her home her husband, appellant, would sign the contract. The contract was later returned with the signature of T. D. Williams thereon.

After offering evidence of balance due, plaintiff rested. Appellant declined to offer evidence, rested and moved to exclude plaintiff's evidence. In support of his motion, appellant contended that he could not be held liable under the contract sued upon, as he was not a party to the contract, even though he may have signed it. The record discloses that the case of Brown v. O'Byrne, 153 Ala. 621, 45 So. 129, was cited to the court in support of this contention.

The trial judge denied the motion and entered judgment for plaintiff and against defendant in the amount of $83.51, with costs. In addition to other formal entries, the judgment contained the following finding:

"* * * That the defendant was the husband of Gladys Williams and by virtue of said fact is liable to the plaintiff under the contract sued on in this case * * *"

Without filing a motion for new trial, appeal was taken from the judgment entered below.

It is suggested in brief by appellee that the assignments are insufficient under Supreme Court Rule 1 to warrant consideration, and this Court should ex mero motu dismiss the appeal.

We admit substantial merit in the suggestion, for appellant has been somewhat haphazard, not only on appeal but at trial, in failing to file proper pleadings and present his defense in such a manner as to clearly define points of law and raise issues of fact. Were this record and transcript of evidence of any substantial volume, appellant's assignments of error (consisting of one that the judgment is contrary to the evidence, and two others that merely state propositions of law and point out no ruling of the court below) would not have been sufficient to warrant our consideration. Department of Industrial Relations v. Simms, 39 Ala.App. 525, 104 So.2d 782; Greene v. Washington County Board of Education, 45 Ala.App. 216, 228 So.2d 829.

However, in view of the shortness of the transcript and evidence, we do intend to consider appellant's appeal.

**134**

It is clear that the court below was informed as to the defense of law and fact that was being relied on by appellant. This was shown by the citation of Brown v. O'Byrne, supra, being presented to and discussed with the Court. Brown v. O'Byrne is still the law in this state and was cited with approval as late as 1953, by Justice Foster in Sun Oil Co. et al. v. Oswell et al., 258 Ala. 326, 62 So.2d 783.

The principle stated in Brown v. O'Byrne, supra, is that where a contract purports on its face to be made by and between parties named therein, and the signature of a party not named appears signed to the contract, and there is nothing contained therein to indicate that such person signed as a party, such person is not bound by the contract and is not liable thereon. This is stated to be the general rule in 17 Am.Jur. 2d, Contracts, Sec. 295, p. 712.

The contract sued on by plaintiff showed on its face that it was a contract between plaintiff and appellant's wife. It ends with the statement that "This instrument embodies the entire contract, * * *"

The signature of T. D. Williams after that of Gladys Williams without any other appearance in the contract, nor without any indication therein of the purpose of the signature, cannot make T. D. Williams a party thereto and liable thereon.

We are of the opinion that the judgment is contrary to the evidence. The finding of the trial court, heretofore quoted, that appellant is liable on the contract because he is the husband of one of the parties thereto, has no foundation in fact or law. Therefore, we are of the further opinion that the evidence does not support such judgment.

The judgment of the trial court is reversed and remanded to the trial court for entry of judgment not contrary to this opinion.

Reversed and remanded.