251 So.2d 765

Edward F. MERSEREAU and
Bernice M. Mersereau

v.

WHITESBURG CENTER,
INCORPORATED.

8 Div. 43.

Court of Civil Appeals of Alabama.

Aug. 18, 1971.

Robert P. Schwenn, Huntsville, for appellants.

Watts, Salmon, Roberts & Stephens, and Frank K. Noojin, Huntsville, for appellee.

claiming damages for breach of a written lease. A copy of the lease was attached to and made a part of the complaint. Suit was begun on July 11, 1968. Demurrer was filed to the complaint and was overruled. Various pleas numbering 5, including a plea of recoupment in the amount of $325, were filed by defendants. Plea 1 was the general issue. Plea 2 was that defendants did not execute the lease. Plea 3 averred alteration of the lease by the addition of the names of defendants in the body of the lease after they had signed it. Though no ruling on demurrer to pleas 4 and 5 appears in the record, they were not presented to the jury in the court's oral charge.

Plaintiff in answer to plea 2 joined issue. To plea 3 issue was joined and for further answer plaintiff averred ratification of the alteration by payment of rent by defendants to plaintiff on March 31, 1966. The date on the face of the lease was March 24, 1966. The date of execution was left blank.

Upon trial by jury, verdict was in favor of plaintiff, both as to the complaint and the plea of recoupment. Judgment was entered on March 18, 1970 in the amount of $1150.00. Motion for new trial was denied, and appeal from judgment, and judgment overruling the motion for new trial was filed July 21, 1970. Appellant has assigned 36 grounds of error in the trial below.

Assignment of error 1 is that the trial court erred in overruling the demurrer to the complaint. Grounds 5, 6 and 7 of the demurrer are relied upon and argued in brief. These three grounds are basically one, and charge that from the signatures of defendants on the lease it affirmatively appears they signed the lease in a representative capacity or as witnesses, and not as individuals and lessees.

WRIGHT, Judge.

Suit was filed in the Circuit Court of Madison County, Alabama, by Whitesburg Center, Incorporated, against Edward F. Mersereau and Bernice M. Mersereau

The copy of the lease attached to the complaint and incorporated therein contained the names of appellants in the body thereof as lessees. The signature of the

appellants appear thereon at the end of the lease as follows:

"Pet Ranchers of America, Inc. Lessee
Attest: By: s/Donald W. Brogen, Pres.
Attest: By: ——————————
Attest: By: s/ Edward F. Mersereau
Attest: By: s/ Bernice M. Mersereau"

■ For the purpose of demurrer, the truth of the allegations of the complaint is admitted. Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542. Since the names of appellants appear in the body of the lease along with that of Pet Ranchers of America, Inc., as lessee, it appears therefrom that appellants were individually parties to the lease as lessees. How or where signatures appear upon the lease is not controlling so long as it appears they were placed thereon to give authenticity to the contents of the instrument. 17 Am.Jur.2d, Section 73. The subsequent contention that appellants did not intend to sign as lessees, or that their names were not in the body of the original lease as lessees, was not involved in the consideration of the demurrer. There was no error in overruling appellants' demurrer on the grounds argued in brief.

■ Assignment of error 2 charged error in sustaining plaintiff's demurrer to defendants' pleas 4 and 5. However, since no ruling by the court thereon appears of record, appellants specifically waive argument of this assignment in brief. Therefore we cannot consider this assignment on appeal. Ala. Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447. Supreme Court Rule 9.

■ Assignment 3 charges error in the admission into evidence of plaintiff's Exhibit 1, which was the original of the copy attached to the complaint. Appellants' objection to the introduction of this exhibit was that since it was contended by plea that it had been altered after appellants signed, it was inadmissible until the alleged alteration was explained. Appellant insists the burden of such explanation was upon plaintiff under the provisions of Title 7, Section 430, Code of Alabama 1940. This statute is commonly referred to as the integrity of instruments statute. Its application presupposes existing evidence of alteration or a patent condition of the instrument sufficient to present suspicion of alteration. We do not think an unsworn plea of alteration is sufficient to remove the burden from the party presenting the plea of proof thereof, when no evidence of alteration is evident from the face of the instrument offered. Chitwood v. Blackwood, 220 Ala. 75, 124 So. 110; Ehl v. Watkins Medical Co., 216 Ala. 69, 112 So. 426.

■ The exhibit offered into evidence by plaintiff as Exhibit 1 appeared regular on its face with no suspicious indication of alteration. The signatures of appellants thereon had been established. Under such circumstances, there was no initial burden upon the plaintiff to explain an alteration alleged in the pleas.

Before continuing with assignments of error as to rulings on admission of evidence, we will briefly set out the tendencies of evidence submitted and the theories upon which the case was tried.

Prior to the origin of the lease upon which suit was brought, it was shown by plaintiff that appellants came to plaintiff's representative seeking information as to availability of space for rent in the shopping center owned by plaintiff. Discussion transpired as to construction or remodeling of a building suitable for use as a pet shop.

Appellants had a franchise agreement with Pet Ranches of America, Inc., to operate a business or businesses under the name of Pet Ranches in Huntsville, Alabama. After meetings between plaintiff's representative, appellants, and a representative of Pet Ranches of America, Incorporated, negotiations were completed for the premises to be prepared and a lease executed therefor.

It is undisputed that a lease was prepared by plaintiff and was signed by plaintiff as lessor, was signed by Pet Ranches of America, Inc., acting through its president, and was signed by appellants in the form set out hereinabove. It was further undisputed that appellants were the first signatories to the lease in the office of plaintiff. At the time they placed their signatures on the lease their names did not appear in the body of the lease as lessees. Only the name of Pet Ranches of America, Inc., appeared in the body of the lease as lessee. A copy of the lease as it then appeared was given appellants. Appellants gave their personal check to plaintiff at that time in the amout of $325. This was the amount of the monthly rent contained in the lease. After appellants signed, the lease was forwarded by plaintiff to the home office of Pet Ranches of America, Inc., where it was signed by the president.

Without objection by appellants, it was shown that the president of Pet Ranches called plaintiff by phone and stated that it appeared the names of appellants had been omitted as lessees from the body of the lease by mistake and requested permission to type their names therein. Plaintiff asserted it was all right if agreeable to appellants. Without further communication with appellants their names were added as lessees in the body of the lease and it was returned to plaintiff. Mr. Mersereau stated he learned of the addition of his name to the lease from a representative of Pet Ranches in June of 1968.

Plaintiff stated that various changes and modifications of the premises were discussed with appellants during the time of construction and that appellants visited the premises from time to time. Appellants denied the truth of this testimony. On or about July 1, 1968, appellants were notified by letter that the premises were ready and that their check for $325 was being applied to the first month's rent. Appellants stated to plaintiff that due to disagreements with Pet Ranches they could not assume occupancy.

After this résumé of evidence, we again state that the issues raised by the pleas were the general issue, denial of execution of the lease by appellants and that there was a material alteration without consent after execution, the alteration consisting of the addition of their names as lessees in the body of the lease. To these pleas plaintiff first joined issue. As to the plea of material alteration, plaintiff replied that such alteration was subsequently ratified by appellants.

There was lengthy testimony on behalf of plaintiff concerning the preliminary oral discussions concerning the lease and who was to be bound as lessees therein. It was stated that appellants were to join with Pet Ranches as lessees and that they agreed to join in the lease as lessees; that the absence of their names as lessees in the lease was an oversight and appellants knew they were signing as lessees. There was further testimony as to matters occurring after the execution of the lease offered by plaintiff for the purpose of showing activities of appellants relating to recognition of their status as lessees. All of this oral testimony of plaintiff appears to be in conflict with the parol evidence rule, but it was entered without objection by appellants. It thus appears that for want of objection by appellants the evidentiary door was opened to entry of illegal evidence and such evidence passed through.

It is basic law that a written contract, unambiguous on its face, may not be varied or altered by parol evidence. Hartford Fire Ins. Co. v. Shapiro, 270 Ala. 149, 117 So.2d 348. It is equally well settled in this state that where a written instrument purports on its face to be made by persons named therein, and the signature of a person not named therein appears to the instrument, it is not the deed or contract of such person and parol testimony is not admissible to show that he intended to bind himself thereby. Brown v. O'Byrne, 153 Ala. 621, 45 So. 129; Williams v. A. O. Atchison Furniture Co., 46 Ala.App. 132, 239 So.2d 204. However,

appellants, though contending that their names did not appear in the lease and that it had been altered by subsequent addition, did not by objection attempt to keep out parol testimony relating to the capacity or intent with which they placed their signatures thereon. Thus, with the admission of such testimony the issue was not the contents and legal effect of the written instrument, but the intent and purposes of their becoming signatories.

It was never disputed that appellants were not named as lessees in the lease at the time they signed it, but since appellants' plea to that point was not before the court for some reason not disclosed by the record, and the state of the evidence being as disclosed above, the court in its oral charge correctly stated the issues to be whether or not appellants executed the lease with intent to bind themselves as lessees, or whether it was subsequently materially altered with appellants' consent or ratification.

It is thus our opinion that since evidence as to whether appellants executed the lease as lessees, as charged in the complaint, was not limited by invoking of the parol evidence rule to the instrument as originally written and signed by appellants, but parol testimony of the surrounding circumstances and of the intent and purpose of appellants in attaching their signatures thereto was permitted in evidence without objection, the parol evidence rule was abrogated and nullified in the trial.

■ A party is bound on appeal by the theory on which he tries his case. If illegal evidence is admitted without objection, or motion to exclude, the jury is free to consider it. This Court considers on appeal only adverse rulings of the trial court on the admission of evidence duly objected to during the course of the trial. State Farm Mut. Auto Ins. Co. v. Barrow, 46 Ala.App. 392, 243 So.2d 376.

Appellants in assignment of error 20 charge error in refusal of their motion for directed verdict after plaintiff rested. The argument in support of this assignment in brief is that the Brown v. O'Byrne rule applies since it was undisputed in the evidence that appellants were not named in the lease at the time of signing it, and there was no evidence of ratification of the alteration.

■ We have already stated why we consider Brown v. O'Byrne inapplicable to the case as tried. We further point out that an oral motion for directed verdict is not appropriate in Alabama practice. If the evidence of plaintiff upon completion of its case be considered insufficient, the appropriate remedy for defendant is to rest his case and submit a written request for the affirmative charge. The denial of a motion to exclude the evidence will not be considered error on appeal. Title 7, Section 270, Code of Alabama 1940. Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77.

■ Assignments of error 4, 5, 6 and 7 are directed at rulings of the court on objections to questions propounded by appellants to appellee's agent. The questions were objected to on grounds of lack of materiality. We have examined them in light of the issues involved and we cannot say the court was in error in sustaining objection. Relevancy and materiality of testimony sought to be elicited is largely a matter of the discretion of the trial court and where the relevancy is not apparent in the question itself, the trial court will not be put in error unless relevancy is made to appear. Alberson v. State, 254 Ala. 87, 47 So.2d 182.

■ Assignment 8 is directed to remarks made by the court in the process of sustaining an objection. We have considered the statement of the court and find it to be inoffensive and in line with its subsequent oral charge to the jury. The record further fails to disclose any objection or exception taken by appellants to the statement. Only adverse rulings of the court are subject to review. Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425.

Assignments 9 and 10, argued together relate to sustaining of objection to appellants' questions of appellee's agent concerning his knowledge of a dispute between appellants and Pet Ranches concerning their franchise agreement. Objection was on the ground of materiality. We dispose of these assignments on the basis of our statement as to assignments 4, 5, 6, and 7.

Assignment 11 is again directed to the court's sustaining of objection on the ground of materiality. Our previous statement on other such assignments apply as well to this assignment. In addition, we find that substantially the same question was later posed and answer given. There can be no prejudicial error in such instance. County Bd. of Education of Jefferson County v. McCarter, 281 Ala. 679, 207 So.2d 664.

Argument of assignments of error 12 and 13 are merely restatements of the assignments and are insufficient under Supreme Court Rule 9.

Assignment 14 pertains to the sustaining of objection to a question put to appellee's agent as to whether or not he had received a particular letter from appellants. Again objection was on materiality. Though the letter was subsequently offered in evidence and objection sustained to it, that is not the basis of the assignment of error. There was no effort made by appellants to show to the court the materiality of the contents of the letter or whether it had been in fact mailed or received. From aught that appeared, the letter was merely self-serving. We find no error here.

Assignment of error 15 concerns the sustaining of objection to the admission into evidence of defendants' Exhibit No. 7, marked for identification. This was a letter from appellants to appellee's agent dated July 1, 1966. The witness admitted receipt of this letter and the record indicates it was produced from appellee's files. It clearly shows on its face that it was written by appellant in response to a letter from appellee's agent. Though it may have been considered to contain certain illegal evidence in the form of conclusions and reference to other letters not in evidence, we think it was admissible, both on the issue presented of the capacity or intent with which the appellants signed the lease and also as rebuttal matter on the issue of ratification of the addition of appellants' names as lessees in the lease.

It was admissible on the first issue, though as we have previously stated, the parol evidence submitted by appellee concerning the intent and capacity of appellants signing the lease may have been illegal. It is a recognized rule of evidence that if a party introduces illegal evidence, his opponent has the right to rebut such evidence with other illegal evidence, even though the opponent did not object to the illegal evidence. Sharp v. Hall, 86 Ala. 110, 5 So. 497; Johnson v. State, 265 Ala. 360, 91 So.2d 476.

The offered letter was admissible further since it was admittedly received by appellee and was in reply to a letter relating to the transaction involved. Its contents were material in rebuttal of plaintiff's evidence and properly for the jury's consideration. Since the gravamen of plaintiff's case on trial below as indicated by its evidence and reply to defendant's plea, was ratification of the contract as altered, the statement of appellants to appellee contained in their Exhibit 7 as to their position on the date the rent on the premises commenced was most material to their rebuttal of ratification. We therefore think assignment of error 15 well taken and that refusal to admit the letter in evidence was prejudicial error. Brotherhood of Railroad Trainmen v. Barnhill, 214 Ala. 565, 108 So. 456.

Assignment of error 16 is disposed of by our response to assignment of error 5.

Assignment of error 17 is addressed to the sustaining of objection to the

**154**

following question asked by appellants of appellee's agent on cross examination:

"Q. Well, was it not discussed by Mr. Mersereau that they could not be in on a partnership or a joint venture of that kind?"

Objection was sustained on the ground of materiality. This question was concerning the discussions between appellants, appellee's agent and Pet Ranches, Inc. prior to the signing of the lease. The fact of such discussion and parts of it had been entered by appellee on direct to show the intent with which appellants signed the lease. Once a portion of such discussion went in evidence, even though illegal evidence, appellants were entitled to inquire as to any or all of such discussion relevant to the issues. We think the question relevant and material.

■ Assignments 21 and 22 are not sufficiently argued in brief and do not set out therein the specific rulings referred to. Supreme Court Rule 9.

Assignment 23 is addressed to the trial court's sustaining of appellee's objection and the striking of appellants' response to a question relating to the substance of the discussion between the parties prior to the signing of the lease. We think the court erred in this instance. Again, the testimony struck by the court was admissible as part of the discussion surrounding the transaction involved. The door was opened by appellee as to this discussion. It then became admissible in its entirety. Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376; Nellis v. Allen, 268 Ala. 259, 105 So.2d 659.

There are several other assignments of error which charge error in the continued refusal of the court to allow appellants to place in evidence testimony relating to what was said between the parties in the discussion preliminary to the signing of the lease. We see no reason to continue to repeat the same answer to these assignments. It is abundantly clear from the record that upon objection by appellee, the court con-

sidered that appellants were not entitled to introduce their testimony as to this conversation. We think such position and the rulings based thereon by the court, and duly objected to by appellants were error and prejudicial to appellants. Without deciding the correctness or incorrectness of the remaining rulings assigned as error, we are of the opinion that sufficient error has been shown to warrant reversal.

There are some ten additional assignments of error remaining undiscussed in this opinion. These relate to remarks of counsel in argument, statements of the court in answer to questions asked by the jury, and refused charges. These matters are unlikely to re-occur in another trial and we see no necessity to consider them in view of our decision to reverse on other grounds.

Reversed and remanded.