454

## CIRCUIT COURT OF HENRICO COUNTY

Henrico County

v.

Lawrence D. Powell

April 23, 1976

Case No. 75 L 310

By JUDGE E. BALLARD BAKER

The contract of May 15, 1973, names W. R. Pomfrey and Laurence Powell as "Party of the First Part," referred to thereafter as "Agent." The duties and responsibilities required of "Agent" are described in the contract.

The name "Surf & Turf Sporting Goods & Hobbies, Inc." appears in paragraph 1 as a designation of the place where "Agent" will maintain a station to sell County dog licenses. The name also appears in the signature portion, where "Surf & Turf Sporting Goods & Hobbies, Inc." is shown as "Name of Business or Firm" just above signatures of W. R. Pomfrey and Laurence D. Powell, Jr., which signatures are immediately preceded with the word "By."

The question is whether Powell and Pomfrey are personally liable on the contract. The intention of the language of the contract, without considering the signature provision, imposes duties on Powell and Pomfrey and not on the corporation. This must govern unless the signature provision requires otherwise. 4B M.J. *Contracts*, § 45, 17 Am. Jur. 2d, *Contracts*, §§ 294, 295.

In Am. Jur. citation includes the following statement:

The general rule supported by courts is substantially to the effect that when the body of a contract purports to set out the names of the parties thereto and a person not named in the body of the contract signs the contract, and there is nothing in the contract to indicate that such person signed as a party, such person is not bound by the contract and hence is not liable thereunder . . . In a number of other cases it was held that under the circumstances the person who signed but was not named in the body of the contract was nevertheless liable on the contract.

An annotation on the point is found in 94 A.L.R.2d 691, and a footnote on page 692 cautions that mere mention of a person, who has also signed the contract, in the body of the instrument does not necessarily make that person a party.

*Caplan v. Stant*, 207 Va. 933 (1967), at 936, appears to recognize the above rule, overruling a demurrer by individuals who signed a lease in which their names were not mentioned, but the case was remanded for evidence to show why they signed.

This case is not squarely met by the above rule because here the question is not whether Surf and Turf is liable but whether Powell and Pomfrey are liable.

Discussion related to this case can be found in Restatements, Agency, §§ 155, 156, 157. Section 155 points out that a written instrument is considered that of the principal, "In the absence of manifestations to the contrary therein . . ." and "if, from a consideration of it as a whole, it appears that the agent is acting as agent . . ." for a disclosed principal. Section 156 states that a signature such as the one here creates an inference that the principal and not the agent is bound, "In the absence of a manifestation to the contrary therein . . ." In Section 157 the comment is made that

If in one portion of the instrument it appears that the agent intends to be a party, and in other portions he appears to be acting only as agent and not as a party, it may be

found either that the instrument is ambiguous or that the unambiguous expression of intention to be a party overrides the other expressions in the document.

When this contract is read, it is clear that duties are imposed upon the party named as "Agent." Powell and Pomfrey are so named. The corporation is merely the place of business where "Agent" will maintain a station for the sale of dog licenses. The evidence indicates that Powell and Pomfrey considered the contract as imposing a personal obligation on them. Neither one testified that they considered the contract as imposing the obligation on the corporation. Both signed the contract. The signature of one as agent would have been sufficient to bind the corporation, had it been named a party.

In brief, there are many manifestations to the effect that Powell and Pomfrey, not Surf and Turf, are the parties with whom the County contracted, and this Court is compelled to so hold.

As Powell and Pomfrey are personally liable, and as neither gave the required notice of termination, the result must be that both defendants are personally liable.

Counsel for the plaintiff is requested to submit an order in accord, noting the objections of the defendants.