## CIRCUIT COURT OF THE CITY OF RICHMOND

Muhleman Investments, Inc.

v.

William G. Bruce

July 10, 1986

Case No. LJ 1823-1

By JUDGE MELVIN R. HUGHES, JR.

[There was a] hearing and argument in this case on June 13, 1986. The parties agree on all material facts and both agree that the outcome of this dispute can be determined by the Court as a matter of law.

In this case, plaintiff seeks to hold defendant, William G. Bruce, personally liable for $13,740.00 arising out of a real estate lease agreement wherein William G. Bruce, Inc., was the tenant.

In an effort to bind William G. Bruce personally, plaintiff supplied defendant with an addendum which, *inter alia*, contains the following, "the undersigned. . . bind themselves. . . jointly and severally with the tenant." Below the signature line the words "William G. Bruce, Inc." had been typed. On signing the addendum, Bruce signed "William G. Bruce, Inc." The question is whether William G. Bruce is personally bound. I find that he is not.

Plaintiff relies on rules of construction and the language of the addendum and argues the transaction evinces the parties' intent to hold Bruce personally liable. The rules of construction cited are long-standing but first there must be a contract.

Here, as a matter of ascertaining a term of this alleged contract, the addendum is indefinite and inexact on the issue of Bruce's individual, personal liability such that the intent of the parties cannot be sufficiently

determined to allow the contract to be carried into effect. *Parker v. Murphy*, 152 Va. 173 (1929).

Plaintiff intended Bruce would sign his own name. Instead, defendant signed the corporation-tenant's name. There is no contract if the acceptance does not comply with the terms of the offer as to the identity of the offeree as a matter of mutual assent. *Belmont v. McAllister*, 116 Va. 285, 295, 303 (1914), *Progressive Construction Co., Inc. v. Thumm et al.*, 209 Va. 24, 30-31 (1968).

I would observe that under appropriate circumstances parol evidence would be admissible on the question of whether a valid contract exists but here I cannot tell what defendant's intent was, other than by the manner in which his signature appears on the document, in this case as that of the corporation's. *Caplan v. Stant, Exr.*, 207 Va. 933 (1967).