## CIRCUIT COURT OF FAIRFAX COUNTY

Charles M. Anderson

v.

Marc A. Busman et al.

June 18, 1990

Case No. (Law) 96413

By JUDGE JACK B. STEVENS

The Court has had this matter under advisement upon the Demurrer of all defendants herein, Busman & Busman P.C., Marc A. Busman, Rosalyn Busman, Bruce Eells, and Duo-Fast Maryland, Inc. The defendants have filed a Memorandum of Points and Authorities in support of the sustaining of the Demurrer. The plaintiff Anderson, although requesting and being granted additional time to file a Memorandum of Points and Authorities in opposition to the Demurrer, has failed to file anything. After considering the Points and Authorities filed by the defendants, the Demurrer is sustained, without leave to amend since no cause of action is apparent even with amendment.

This Motion for Judgment seeks monetary and equitable relief for causes of action in Slander, Breach of Confidentiality, Abuse of Process, Perjury and Conspiracy arising out of judicial proceedings between the parties in *Duo-Fast Maryland Co. v. Anderson*, At Law No. 90003.

Plaintiff's defamation claim argues that several statements by defendants, Rosalyn Busman, Marc Busman, and Bruce Eells, are actionable as common law slander and "professional slander under Virginia statute." The Court interprets the alleged statutory claim as an action under Va. Code § 8.01-45 for insulting words. However, the distinction between statutory and common law actions is not required, as Virginia courts have interpreted these causes to be co-extensive. See *Potomac Valve & Fitting, Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1281, n. 9 (4th Cir. 1987).

To be actionable, slander must be based upon a misstatement of fact. *Chavez v. Johnson*, 230 Va. 112, 119 (1985). Statements of opinion cannot form the basis of an action for defamation, *Id.*; *Potomac Valve*, 829 F.2d at 1285, n. 12, and the distinction between fact and opinion is a question of law for the court to decide. Although plaintiff has identified defendant's statements as slander, a demurrer does not admit allegations concerning the correctness of conclusions of law. *Yellow Cab v. Transportation, Inc.*, 207 Va. 313, 318-19 (1966).

Where statements cannot be described as true or false, they are not actionable, notwithstanding the full context of the statement, if the language is understood to represent the personal view of the speaker. *Potomac Valve*, 829 F.2d at 1288. Applying this analysis and the rule stated in *Chavez* to the statements made by defendants Rosalyn Busman and Marc Busman, the Court is of the opinion the remarks are expressions of their personal views and thus not actionable.

It is also for the Court to decide whether words are capable of defamatory meaning. *Wilder v. Johnson Publishing Co.*, 551 F. Supp. 622 (E.D. Va. 1982). For this reason, the claim that statements by defendant Eells are actionable as slander must fail as a matter of law. Relevant words in the course of judicial proceedings are absolutely privileged, *Donohoe Construction v. Mount Vernon Assoc.*, 235 Va. 531, 537 (1989), and no cause of action will lie even though the words are malicious and published with knowledge of their falsity. *Penick v. Ratcliffe*, 149 Va. 618, 636 (1927), quoting *Spencer v. Looney*, 116 Va. 767 (1914). In considering whether allegations in a pleading

are pertinent, the Courts follow a liberal rule in favor of relevancy. *Donohoe Construction*, 235 Va. at 539.

The necessity of absolute privilege flows from a need for full disclosure of facts in judicial proceedings and outweighs the right of an individual to enjoy a reputation unimpeached by defamatory remarks. *Watt v. McKelvie*, 219 Va. 645, 649 (1978). This is true even though the statement objected to constitutes a vulgarism, expressly objectionable in any social context, such as the words attributed here to the defendant Eells. The absolute privilege, of course, also applies to the remarks attributed to the defendant Eells during a deposition.

A cause of action for abuse of process will only lie where there is a perversion of regularly issued process to accomplish some ulterior purpose for which the procedure was not intended. *Donohoe Construction*, 235 Va. at 539-40. Plaintiff claims the defendants engaged in an abuse of process by "wrongfully" filing an execution with expectations the Sheriff would break into plaintiff's home. The Court takes note that under Va. Code § 8.01-491, an officer is authorized to break open the home of a debtor in the execution of a levy. The legitimate use of process to its authorized conclusion, even when carried out with bad intention, is not abuse of process. *Id.* at 540. The other allegations of paragraph No. 12 of the Bill of Complaint, while taken as true for purposes of Demurrer, *Duggin v. Adams*, 234 Va. 221 (1987), may reflect extremely discourteous action directed toward plaintiff but do not constitute abuse of process.

Plaintiff alleges a cause of action for breach of duty arising out of "a period of attorney/client confidentiality and protection." Although sounding in tort, a legal malpractice claim is an action upon the contract created by the attorney-client relationship. See *Oleyar v. Kerr, Trustee*, 217 Va. 88 (1976). To be actionable in tort, a breach of duty must be wrongful, independent of those obligations arising under contract. *Goodstein v. Weinberg*, 219 Va. 105 (1978). Plaintiff's mere assertion that he is entitled to the privilege and that the privilege attached to certain information is a conclusive statement of law not admitted by demurrer. See *Caplan v. Stant, Ex'r*, 207 Va. 933, 935 (1967). Having failed to plead the existence of any attorney-client relationship with

defendants, or an independent action in tort, plaintiff's cause of action must fail.

By statute, perjury is a criminal offense punishable upon conviction as a Class 5 felony. Va. Code § 18.2-434. Accordingly, plaintiff's cause of action for perjury and perjury by false affidavit states a criminal matter improperly before this Court in a civil action.

Finally, the Court considers plaintiff's claim that defendant Duo-Fast Maryland conspired with defendants Marc Busman and Eells in acts of slander, breach of confidentiality, and abuse of process. The gravamen of a conspiracy involves concerted action between two or more parties, using unlawful means or lawful means to an unlawful end, causing damage to the complaining party. *Glass v. Glass*, 228 Va. 39, 47 (1984). The effect of the Court's rulings above finding no causes of action as to defendants Busman and Eells results in the alleged conspiratorial conduct lacking an essential element to be actionable. To survive demurrer, an allegation of conspiracy must allege an unlawful act or unlawful purpose. *Hechler Chevrolet v. General Motors Corp.*, 230 Va. 396 (1986).

As no causes of action have been set forth, the issues concerning the character and amount of plaintiff's damages are moot. Mr. Crenshaw will please prepare an Order sustaining the Demurrer, without leave to amend and preserving all objections.