296 So.2d 743

**SOUTHERN CAFETERIA OPERATING COMPANY, INCORPORATED**

v.

**Minnie ELEY et al.**

**Civ. 281.**

Court of Civil Appeals of Alabama.

June 19, 1974.

Rosser & Munsey, Tuscumbia, for appellees.

London, Yancey, Clark & Allen and Clarence L. McDorman, Jr., Birmingham, for appellant.

**WRIGHT, Presiding Judge.**

This is an appeal from judgment for plaintiffs in a suit on a labor contract.

Plaintiffs were members of the Hotel, Motel, Cafeteria and Restaurant Employees Union, Local #431. On July 1, 1970, a contract of employment was executed between the Union and defendant Southern Cafeteria Operating Company, Incorporated. On that date defendant began the operation of the cafeteria at the Ford Motor Company plant as Sheffield. Prior to the assuming of such operation by defendant, the cafeteria had been operated by a company identified as ARA. Some of the plaintiffs in this suit had been employees of ARA. This suit was brought under the provisions of Title 7, Section 128(1), Alabama Code of 1940.

On June 18, 1971, Southern Cafeteria ceased operation. Plaintiffs sued to recover vacation pay which they contended was due them under the contract. The contract began as follows:

"This agreement made and entered into this 1st day of July, 1970 and between

Hotel, Motel, Cafeteria and Restaurant Employees Union, Local #431, of AFL–CIO, of Sheffield, Alabama, an affiliate of the Hotel and Restaurant Employees and Bartenders International Union, signatory hereto, hereinafter collectively called the Union, and Southern Cafeteria Operating Company, Inc. an Alabama Corporation, hereinafter called the Employer."

The two provisions of the contract involved in the case are as follows:

"*Section 12. Vacation*: All regular employees shall receive one (1) week's vacation with pay, equal to their regular base rate times the number of hours in their regularly scheduled work week, after one (1) year's continuous service in the employ of the Employer. All employees shall receive two (2) week's vacation with pay, similarly computed, after two (2) year's continuous service in the employ of the Employer. In the event that an employee entitled to a vacation under the provisions of this paragraph leaves the employment of the Employer without having taken vacation to which he is entitled, he shall receive, upon termination of his employment, the pay for the vacation due him in lieu of the vacation. Vacations shall be taken at such times as shall be specified by the Employer so that the employee is allowed his vacation not later than six (6) months after he has qualified for vacation. Employees shall be given at least thirty (30) days notice of the date of the vacation. Any employee who shall have worked beyond the one (1) year qualification period for earned vacation, and who shall leave his employment with the Employer for any reason, shall receive additional vacation pay prorated at one (1) day for each fifty (50) days worked beyond the end of his regular vacation year. After the employee has worked more than two (2) vacation years, the prorata shall accrue at the rate of two (2) days for each fifty (50) days worked beyond the regular vacation year. An

employee who has worked less than one thousand (1000) hours in a year shall receive one week (1) vacation with pay; over one thousand (1000) in a year, two (2) week's vacation."

"*Section 25. Former Seniority*: For purposes of this agreement Company will recognize seniority employees accrued with their former employer at the Cafeteria at tHe Ford Motor Company, Sheffield, Alabama."

The basic issue on this appeal was presented when the trial court permitted testimony of various witnesses for plaintiffs as to oral statements of the representative of Southern Cafeteria during the negotiation of the contract as to the meaning and effect of Section 12 relating to vacations. Defendant objected to such testimony as in violation of the parol evidence rule.

■ It was the foundation of plaintiffs suit that under the provisions of the contract, those who had been former employees of ARA were entitled to vacation time and pay computed according to length of employment with both ARA and defendant. This contention was based upon the provisions of Section 25 of the contract relating to seniority. They were permitted by the court to testify that the negotiator for defendant stated that seniority under Section 25 applied to length of service in computing vacation rights under Section 12 of the contract. By permitting such testimony of oral statements the trial court must be presumed to have determined that the written contract was ambiguous, though it did not so state. In its oral charge to the jury the court referred to the law in relation to ambiguity of a contract and explanatory oral testimony. However, it did not state there was an ambiguity.

■ It is the law that if the terms of a written contract are clear and certain that oral testimony of comments and statements of its meaning and effect made during negotiation and prior to putting it in written

form are inadmissible. It is only when the terms of the contract are ambiguous and uncertain that oral testimony of circumstances and events surrounding its negotiation are admissible to explain its written terms. Mersereau v. Whitesburg Center, 47 Ala.App. 146, 251 So.2d 765.

■ Whether a written contract is unclear and ambiguous in expressing the intent of the parties is a question of law for the court. It is only after the court determines the contract to be unclear and ambiguous, but not so uncertain as to be void, that parol evidence of facts and circumstances may be permitted to clarify its meaning. The ascertainment of the truth of such testimony and to interpret the contract in light of such testimony is the province of the jury under instruction of the court. Foster & Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746.

We have carefully examined the contract and the portions thereof related to the issues presented by plaintiffs complaint. We find no ambiguity therein.

Section 12 begins as follows: "Vacation: All regular employees shall receive one (1) week's vacation with pay, equal to their regular base rate times the number of hours in their regularly scheduled work week, after one (1) year's continuous service in the employ of the Employer . . ."

The employer as used in Section 12 is designated in the opening paragraph of the contract as Southern Cafeteria. It is clear that the method of computing vacation pay and the time for taking such vacation is dependent upon the record of service and hours worked for the employer, Southern Cafeteria.

It is further observed that Section 25, the section of the contract relied upon by plaintiffs clearly relates to seniority as defined by Section 16. Section 16 is entitled "Seniority." Sub-paragraph (b) of Section 16 is as follows:

"It is agreed that Employer shall and does hereby recognize seniority right,

and that employees shall be promoted, demoted, transferred, laid off and returned to employment according to the employee's seniority."

Section 25 is entitled "Former Seniority" —It clearly relates to the rights accrued through seniority as set out by Section 16. There is no mention of vacation in the designation of rights affected by seniority in Section 16. If such had been the intent of the parties it could have been included in Section 16. We have here a contract not written by one party with a "take it or leave it" position. This contract is a negotiated contract between parties dealing at arm's length. It was negotiated on behalf of plaintiffs and other union members by a skilled negotiator of such contracts. It is not to be construed, as in some contracts, more strictly against one party than the other. Travelers Ins. Co. v. Kernachan, 283 Ala. 96, 214 So.2d 447.

■■ We conclude as a matter of law that the meaning of the contract is clear. The meaning of a contract is to be gathered from reading of the whole. City of Fairhope v. Town of Daphne, 282 Ala. 51, 208 So.2d 917. There is no ambiguity in the meaning of Sections 12 and 25 when considered with the preamble and Section 16. The court erred in permitting parol evidence as to the facts, representations and circumstances of the negotiation of the contract.

■ The remaining material contention of appellant for reversal is that because two of plaintiffs were not employed by ARA and could not recover on the same theory as the other plaintiffs, none should recover. It has generally been held that if plaintiffs sue on a joint cause of action if some are shown not entitled to recover, none can recover. McCall v. Jones, 72 Ala. 368. However, as previously stated, this action is statutory under Title 7, Section 128(1). The general rule as stated is abrogated by the specific provisions of the statute. There is no merit in appellant's latter contention.

For error in permitting parol evidence to vary the unambiguous terms of a written contract, the judgment below is reversed and the cause remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.