This appeal by Tevis Knighten is from a judgment cancelling a deed to her brother from Louise Davis. She, Louise Davis, by next friend, is plaintiff in the action, and cross-appeals from that portion of the judgment requiring her to make restitution of the $3,000 recited consideration for the conveyance. We affirm the judgment of the trial court as entered.
The trial court heard the evidence without a jury. Its findings and conclusions found in the judgment provide an excellent summary of the case:
 "The plaintiff, Louise Davis, has sued by her next friend to cancel a deed which she executed on October 6, 1972. The deed conveys a certain improved real property to J.P. Knighten reserving to Louise Davis a life estate in a portion of the property. The plaintiff contends that she lacked the mental capacity to make the conveyance. J.P. Knighten is now deceased. His sister, Tevis Knighten, obtained J.P. Knighten's interest in the property as devisee in his will.
 "J.P. Knighten was a friend of the plaintiff and they had dated regularly for at least two years before the deed was executed. The deed recites a consideration of $3,000 which was the actual consideration. At the time of the conveyance the property had a value of $30,000.
 "Numerous witnesses testified that they were acquainted with the plaintiff, who is age 62, and that she has been incapable of transacting business for many years. After suffering a cerebral hemmorage in 1948, the plaintiff has experienced blackout spells periodically and has exhibited speech impairment and mental incapacity. For many years, she has lived with 12 or more dogs and cats, buying expensive food for them when she was without sufficient food for herself. Her abnormal habits also have included walking to the cemetery in the rain to visit the grave of her deceased husband and a dog buried at the foot of his grave.
 "A psychiatrist, Dr. Frederic W. Feist, testified that he had examined the plaintiff in 1969 and again in 1974. He administered various tests including an IQ test on which the plaintiff scored less than 53. This indicated a mental age of below eight years. He stated that the plaintiff did not have the mental capacity on either occasion to transact business and that, in his judgment, she could not have had such mental capacity at any time between his examinations due to the permanent nature of her mental impairment.
 "On the other hand, the defendant offered evidence tending to show that the plaintiff was competent. A banker testified that the plaintiff had done banking business with his bank for 20 years, had an active checking account, and had borrowed small amounts of money from time to time. The attorney who prepared the deed testified that he had handled business matters for the plaintiff from time to time and that in his opinion she was capable of transacting business on the day the deed was executed. In spite of the very creditable testimony of these witnesses, the evidence taken as a whole points to the inescapable conclusion that the plaintiff was not mentally capable to make the conveyance in question. This conclusion is supported not only by the psychiatrist's findings and the irrational behavior of the plaintiff but also the *Page 1024 
drastically insufficient consideration received by the plaintiff.
 "Because of the personal relationship which existed between the plaintiff and J.P. Knighten at the time of the conveyance, the inadequate consideration, and the plaintiff's mental deprivity, equity demands that the deed be cancelled.
 "In order to achieve a balancing of the equities, the cancellation of the deed shall be conditioned upon a return by the plaintiff to the defendant the sum of $4409.64, which represents the $3,000 purchase price paid by J.P. Knighten plus $1409.64 paid by the defendant to satisfy a mortgage encumbering the property. Upon the plaintiff's payment of this sum to the defendant within thirty (30) days from this date, the court will enter a final decree cancelling the deed."
From the final judgment to these findings and conclusions Tevis Knighten appeals and Louise Davis cross-appeals.
 The Appeal
Tevis Knighten advances two reasons for reversal of the trial court's judgment: (1) Error in overruling her objections to questions propounded to three witnesses; and (2) Insufficiency of competent evidence to support the judgment.
Tevis Knighten contends that three witnesses for Louise Davis testified over objection as to their opinion of the insanity or lack of mental capacity of Louise Davis. She submits it was error to allow this testimony because of the failure of each witness to give the basis for the opinion prior to stating the opinion; also because the reasons given after were insufficient upon which to base that opinion.
Conceding, for sake of argument, the trial court did err in overruling Tevis Knighten's objections, we consider the action of the trial court to be harmless error. Rule 45, ARAP, provides that no judgment may be reversed on the ground of improper admission of evidence unless, after examination of the entire case, it should appear the error complained of has probably injuriously affected substantial rights of the parties. We find no such error. As will be seen from the following, there was ample evidence to support the trial court's judgment cancelling the deed without consideration of the testimony contended to be erroneously admitted.
As is well recognized, where evidence is taken ore tenus every presumption will be indulged in favor of the correctness of the action of the trial court and its findings and judgment will not be disturbed on appeal unless clearly erroneous and without supporting credible evidence.
Knighten does not take issue with this rule but contends the evidence is insufficient to support the conclusion of the trial court on the issue of Louise Davis' mental capacity. We disagree.
We find ample support in the testimony of the psychiatrist for the trial court's conclusion that Louise Davis was not mentally competent to make the conveyance to J.P. Knighten. That testimony, as summarized in the trial court's findings, and sustained by the record, was sufficient to make the evidence regarding the mental capability of Louise Davis conflicting. The trial judge resolved that conflict in favor of Louise Davis and we cannot find from the record where that conclusion was either clearly erroneous or manifestly unjust.
 The Cross Appeal
Louise Davis, by next friend, has cross-appealed from that portion of the trial court's judgment requiring her to return to Tevis Knighten $3,000; the consideration paid by her deceased brother, J.P. Knighten.
Louise Davis contends restitution of the $3,000 should not have been required as a condition precedent to the cancellation of the deed because J.P. Knighten knew, or should have known, of her mental condition prior to the execution of the deed. Louise Davis relies heavily upon this court's holding in Iveyv. May, 231 Ala. 339, 164 So. 732 (1935), that:
 "* * * a man who deals with one of unsound mind, and having notice or *Page 1025 
knowledge of such insanity at the time, does so at his peril. That such an one cannot be accorded the rights of a bona fide purchaser, nor is he, ordinarily, entitled to restitution, as a condition precedent to the cancellation of the contract. * * *"
We are in complete agreement with the rule of law stated inIvey; however, it is obvious from the judgment entered by the trial court that the instant action is distinguishable from the circumstances presented in Ivey. In Ivey, the evidence was of such convincing proportions as to reach a moral certainty that the grantee knew at the time of execution of the deed that the grantor was of unsound mind and wholly incapacitated to transact any kind of business. Here the evidence of notice or knowledge upon the part of J.P. Knighten reaches no such proportions. Implicit in the trial court's judgment is the finding that J.P. Knighten did not have notice or knowledge of Louise Davis' mental incompetency; hence the trial court's decision to adhere to the well recognized general equitable principle which requires restoration of the consideration received upon cancellation of a deed for the incompetency of the grantor. See 13 Am.Jur.2d § 41, p. 528. This principle requires that the other party to the transaction be restored to the same position which he occupied prior to execution of the deed.
Holding, as we do, that there was ample evidence to support the trial court's judgment, as entered, that judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.