HOLMES, Judge.
This is a contract case.
The plaintiff, a former International Harvester dealer, sued defendant, International Harvester (IH) claiming approximately $5,000. The plaintiff alleged the money was owed by virtue of a volume discount program established by contract. The circuit court, without a jury, entered a judgment for plaintiff and the defendant company appeals. We affirm.
The dispositive issue on appeal is whether the terms of the contract required plaintiff to perform a certain contractual condition precedent before entitling plaintiff to a rebate.
The case was tried upon an agreed statement of facts. This stipulation reveals the following:
Plaintiff and defendant entered into a written contract in April, 1970, whereby the plaintiff became an authorized dealer of IH. The defendant drafted the dealership agreement. The contract remained in force until it was mutually terminated by the parties on November 6, 1975.
Plaintiff claims an annual discount rebate under the provisions of its agreement with defendant. The contract rebate clause states in essence that “to qualify for the annual volume discount a dealer must pay in full, within thirty days after the end of the period, all obligations to the company. . .”
*86 At the end of the accounting period in question, October 31, 1975, plaintiff was credited provisionally with an annual volume discount of $5,068.56 but had outstanding obligations to defendant in excess of $24,000. Plaintiff did not pay these obligations by the November 30, 1975, deadline. Instead, as noted above, the dealership was terminated.
The contract provided that in the event the agreement was terminated, the defendant was obligated to repurchase plaintiff’s inventory, subject to specified conditions. The pertinent language of this clause provides in part:
“Upon termination of the agreement, the Company will repurchase from the Dealer those service parts purchased, from the Company on hand . . . which are salable as new and provided their exact part numbers appear in the Company’s parts . list . . . . The Company shall be released from its obligation to repurchase parts if the Dealer does not submit his list of parts to the Company within thirty days after . . . termination and return his parts within thirty days after notification . . .”
Based upon this provision, plaintiff asserted that its inventory covered its obligation to the defendant. The record indicates that plaintiff in fact had some $40,000 in returnable inventory on hand at the time of the contract’s termination.
The defendant maintains that the failure of the plaintiff to timely pay its obligation within the thirty-day deadline absolves defendant of any liability to plaintiff for the rebate.
The defendant through able and distinguished counsel relies upon the terms of its contract and argues, in essence, that the rebate provisions of the agreement are separate and distinct from the termination clause, and thus these terms cannot be read together. Accordingly, when plaintiff failed to discharge the contract’s condition precedent to pay its debt to defendant within thirty days, plaintiff lost its right to a rebate, notwithstanding defendant’s obligation to repurchase plaintiff’s inventory. In support of this construction of the contract, defendant maintains that it was only obligated to purchase plaintiff’s inventory if plaintiff complied with several conditions. Because the plaintiff’s performance of these conditions was to occur subsequent to plaintiff’s matured obligation to pay defendant (in order to be entitled to the rebate), the repurchase clause did not eliminate plaintiff’s duty to comply with the rebate clause’s condition precedent.
The plaintiff in brief does not disagree with the defendant that, had the contract not been terminated, plaintiff was required to fulfill the condition precedent in order to be entitled to the rebate. However, plaintiff does contend that, in the event of termination, the repurchase provisions must be read together with the rebate clause in order that the entire contract be given meaning.
Under this theory of construction, the rebate clause’s condition precedent is eliminated by the defendant’s obligation to plaintiff to repurchase plaintiff’s inventory, and in this instance, given the fact that the defendant was in fact indebted to the plaintiff in an amount in excess of $40,000, this is a reasonable construction. In further support of its contention, plaintiff maintains that the contract is ambiguous and should be construed against the defendant as its drafter.
We agree with the plaintiff’s contentions for the following reasons:
At the outset we note that the contract, as applied to the instant situation, is capable of two interpretations and thus is ambiguous on its face. Southern Cafeteria Operating Co., Inc. v. Eley, 52 Ala.App. 656, 296 So.2d 743 (1974). When, as here, the agreement is subject to an ambiguity, the ambiguity is, as' a matter of law, to be resolved by the court. Charles H. McCauley Associates, Inc. v. Snook, Ala., 339 So.2d 1011 (1976).
In resolving contract ambiguities, this court is guided by well settled legal principles. The contract is to be construed as a whole, and effect will be given to all its *87 parts when possible. Land Title Co. of Alabama v. State ex rel. Porter, 292 Ala. 691, 299 So.2d 289 (1974). Because it is presumed that the parties intend to make reasonable contracts, Industrial Machinery, Inc. v. Creative Displays, Inc., Ala., 344 So.2d 743 (1977), courts will give such contracts a reasonable construction to avoid unconscionable results. McCauley, supra. Ambiguous contracts are construed more strongly against the party who drew them. Jewell v. Jackson & Whitsitt Cotton Co., 294 Ala. 112, 313 So.2d 157 (1975). We analyze the contract before us as it relates to each of these well settled rules.
The defendant’s contention, that the rebate and the termination clauses are separate and distinct and thus have no relation to each other, ignores the well settled rule that all the provisions of an agreement are to be given meaning when possible. Land Title, supra. Under the express language of the termination clause, defendant had an absolute obligation to plaintiff to repurchase plaintiff’s acceptable inventory, subject to plaintiff’s timely submission of a list and shipment of the parts to defendant.[1]
To hold that plaintiff was required under the rebate clause’s condition precedent to pay defendant within thirty days even when the contract had been terminated, renders both the termination and rebate clauses somewhat meaningless because without the implementation of the termination clause, neither party could be certain that the dealer was in fact indebted to IH. If it was uncertain that the dealer was indebted to IH by virtue of IH’s obligation to the dealer to repurchase inventory, IH ought not be heard to successfully argue that the dealer should pay an obligation it does not in fact owe in order to preserve its rebate. This is especially true in this instance where, as here, after implementing the termination clause, it turns out that defendant was obligated to plaintiff for inventory valued in excess of $40,000.
As we noted above, our courts presume that the parties intend to make reasonable contracts. Industrial Machinery, supra. Were we to adopt defendant’s interpretation of this contract, the result would be to require the plaintiff to pay the defendant the debt which defendant asserted the plaintiff owed it, and subsequently, the defendant would be required to repay plaintiff that sum, and in addition in this instance, the debt defendant owed plaintiff. We view this exercise in futility a result which neither party could reasonably have intended.
Additionally, we would note that, inasmuch as it was determined that the defendant was in fact indebted to the plaintiff after implementation of the termination clause, it is unreasonable to hold that plaintiff lost his rebate by virtue of nonpayment of a sum of money to defendant to which the defendant was ultimately not entitled. Because courts must construe contracts so as to avoid unreasonable results, McCauley, supra, we refrain from adopting the construction of the agreement urged upon us by the defendant.
In addition to what we have previously said, we note that the interpretation urged by the plaintiff is reasonable since the defendant is entitled to the use of the rebate funds until, through the operation of the termination clause, it is determined which of the parties is indebted to the other.
Finally, under the principle set forth above, that ambiguous contracts are to be construed more strongly against the drafter, Jewell, supra, it is not inappropriate for this court to adopt the construction urged by the plaintiff. As the record reveals, the defendant drafted the instrument in question and had it wished the rebate and termination clauses to be considered separate and distinct, it could easily have expressly so stated.
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. The record reveals that the plaintiff in fact timely fulfilled all the necessary conditions set forth in the termination clause. Given this fact, the defendant was absolutely obligated to repurchase plaintiffs inventory.