This is a fraud case.
The jury returned a verdict in favor of the plaintiff in the amount of $9,500. Judgment was entered for that amount. The fraud arose in connection with a lease entered into by the plaintiff and the defendant. The trial court denied the defendant's motion for a new trial and the defendant appeals.
The dispositive issue on appeal is whether there is evidence to support a finding of fraud and the amount of damages. Additionally, the defendant, through able counsel on appeal, argues that the trial court erred regarding certain evidentiary rulings. We find no error requiring reversal.
Viewing the record with the attendant presumption, this court finds the following:
The plaintiff began a dog obedience business at her residence in St. Clair County in January of 1976. The zoning authorities in the City of Moody in St. Clair County informed the plaintiff that she could not continue to conduct her business because of zoning restrictions. After an unsuccessful attempt to have the property rezoned, the plaintiff began efforts to locate a suitable location for her business elsewhere. *Page 871 
Plaintiff contacted the defendant regarding a building owned by the defendant in Jefferson County. There was evidence that the plaintiff informed the defendant on several occasions of the type of business to be conducted in the building. Likewise, there was evidence that the defendant told the plaintiff that the property was so zoned that there was no problem with using the building as a dog obedience school. Additionally, there was evidence that defendant told the plaintiff that the building was in compliance with the county electrical code.
In June of 1976, a formal lease was entered into by the parties under which the plaintiff agreed to pay rent of $175 per month. The plaintiff occupied the premises on July 23, 1976, and began the operation of her business. The plaintiff made a number of repairs to the premises necessary for the conduct of the business.
In August of 1976, the Jefferson County Zoning Commission notified the plaintiff that the operation of her business was in violation of zoning regulations. The plaintiff's business was closed because of the nonconformity of the zoning classification until the property was rezoned on January 4, 1977.
Prior to this rezoning, on December 2, 1976, the electrical power was cut off because the wiring was found to be in violation of the Jefferson County Electrical Code.
Thereafter, as indicated above, the plaintiff brought an action for fraudulent misrepresentation and claimed compensatory and punitive damages. As noted, the dispositive issue is whether there is evidence to support a verdict of fraudulent misrepresentation and whether the evidence supports the amount of the award.
Our review of the record reveals there was sufficient evidence from which the jury could have concluded that the defendant in fact willfully or recklessly made a false representation concerning a material existing fact upon which the plaintiff relied and was proximately damaged.
There was evidence that the defendant had actual knowledge that his property was not zoned for the type of business in which the plaintiff was engaged and actual knowledge that the electrical wiring was not in conformity with the Jefferson County Electrical Code.
Specifically, the plaintiff, her husband, and plaintiff's employee testified that the defendant told them that the building was zoned commercial and that there was no zoning problem with the type of business the plaintiff conducted. A zoning inspector testified that he told the defendant prior to the transaction with plaintiff that the property was zoned only for use as an establishment for on-premise consumption of alcoholic beverages. A former lessee of the property also testified that the defendant knew the property was zoned for the use of on-premise consumption of alcohol.
The plaintiff and her husband testified that the defendant told them the electrical wiring was in good condition and in compliance with the electrical code. A county inspector testified that he advised the defendant, prior to the instant transaction, that certain electrical wiring work would have to be done to bring the wiring into conformity with the Jefferson County Building Code.
Additionally, there was evidence that the plaintiff, relying on the false representations, as indicated above, was induced into entering into a lease of this property and expended sums of money in beginning the business. Thus, the jury could well have concluded that the plaintiff was damaged as a proximate cause of the defendant's false representations. In view of the above, there was sufficient evidence to support the verdict based on fraud. International Resorts, Inc. v. Lambert, Ala.,350 So.2d 391 (1977).
The defendant also contends that damages found by the jury were excessive. The jury was charged on both compensatory and punitive damages and rendered a verdict for the plaintiff in the amount of $9,500. *Page 872 
The plaintiff showed expenditures for rent paid, repair work done on the property and loss from certain dogs which died after the electricity was turned off. These items of damages totalled approximately $3,000 for which compensatory damages were recoverable. Jackson Co. v. Faulkner, 55 Ala. App. 353,315 So.2d 591 (1975).
Turning to the question of punitive damages, we note that in misrepresentation cases, punitive damages may be awarded where the fraud is gross, oppressive, or aggravated. Proctor Agency,Inc. v. Anderson, Ala., 358 So.2d 164 (1978).
Gross fraud is committed where the evidence tends to establish an intent to deceive and defraud. Hall Motor Co. v.Furman, 285 Ala. 499, 234 So.2d 37 (1970).
In the instant case, the jury could have concluded from the evidence that the defendant willfully or recklessly intended to deceive and defraud the plaintiff. The evidence showed that the defendant, prior to leasing the building to the plaintiff, knew that the property was zoned only for an on-premise liquor establishment. With this knowledge, the defendant told the plaintiff that there would be no zoning problem with the plaintiff's business. There was likewise evidence that a county inspector told the defendant that the wiring was not in compliance with the building code. Knowing this, the defendant told the plaintiff that the wiring was in good condition.
In view of the above, the award of punitive damages was not reversible error where compensatory damages were approximately $3,000 and the total verdict was $9,500. Randall v. Banzhoff, Ala., 375 So.2d 445 (1979).
We now direct our attention to the evidentiary aspects of the appeal.
There was some evidence introduced over objection regarding lost profits experienced by the plaintiff as a result of the defendant's actions.
The defendant argues that any damages awarded for lost profits would be highly speculative and conjectural because the plaintiff's business was not operational long enough to establish a basis upon which to show lost profits. There was testimony that the plaintiff's gross proceeds for the short period of time she operated her business in the defendant's building was approximately $5,600. The plaintiff also testified that she was operating at full capacity before being shut down and that in her best judgment she would have made a net profit of approximately $4,000 per month.
Since we find that the evidence supports some compensatory damages, as shown above, and punitive damages to the extent of the verdict, we need not reach this issue. Conceding, without so finding, that the trial court may have erred in allowing the evidence of lost profits, it was harmless error since there was ample unrelated evidence to support the jury verdict. Knightenv. Davis, Ala., 358 So.2d 1022 (1978); Industrial MaintenanceCleaning Contractors, Inc. v. Sales Consultants of New Orleans,Inc., Ala.Civ.App., 342 So.2d 377 (1977).
Next, the defendant urges error in that the trial court allowed a prior lessee of the defendant to testify. Specifically, the defendant argues that the testimony of a prior lessee regarding a prior leasing arrangement is not material or relevant to any issue in the instant case. However, clearly the learned and distinguished trial judge allowed this testimony to show that the defendant had knowledge of the zoning of the property and so instructed the jury as to this limited purpose.
The determination of the relevance or materiality of evidence is largely within the discretion of the trial court. GulfFishing Boating Club, Inc. v. Bender, Ala.Civ.App.,370 So.2d 1026 (1979). In view of the trial court's limiting instruction and the large measure of discretion afforded the trial court, we do not find error in the admission of the evidence complained of.
Next, the defendant contends error in the plaintiff testifying that she intended to keep a copy of a list where the defendant could not "swipe it" from her. We note *Page 873 
that a trial court will not be put in error for admitting testimony unless objection was made to the question when asked or unless the answer was not responsive and a motion was made to exclude it. Seaboard Air Line Ry. Co. v. Mobley, 194 Ala. 211,69 So. 614 (1915); State Farm Mut. Auto Ins. Co. v.Barrow, 46 Ala. App. 392, 243 So.2d 376 (1971). Here, there was no objection to the question when asked, nor a motion to strike or exclude the answer; hence, no error.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.