BRADLEY, Judge.
This is an appeal from a judgment declaring the rights of the parties to a lease of property used as a gasoline service station.
The facts show that James Fogg is the owner of property on which is located a gasoline service station. Fogg orally leased the property to Paul Phillips. Subsequently, Phillips decided that he wanted a written lease to the property so he engaged an attorney to prepare such a lease. The lease, in pertinent part, provides:
Term of lease. Said lease is to commence on or about the 11th day of October, 1977 and continue for a period of three years. Lessee agrees to pay the stated sum of $275.00 per month due by the 27th day of each month and each month thereafter as consideration and rental for said lease. In consideration of Lessee’s payment of the stated $275.00 per month for the initial three year term of this lease ending on November 1, 1980, Lessor hereby covenants and agrees and grants Lessee a first option to renew said lease for a first additional three year period commencing on or about November 1, 1980 and ending on November 1, 1983 for the stated sum of $275.00 per month. In consideration of Lessee’s payments of $275.00 per month for the first additional three year period from November 1, 1980, to November 1, 1983, Lessor hereby covenants, agrees and grants to Lessee the first option to renew said lease for a second additional three year period commencing November 1, 1983 and ending November 1, 1986 for the stated sum of $275.00 per month. [Emphasis added.]
At the end of the first term, Fogg informed Phillips that he did not want to lease the property for another term. Fogg said he intended to operate the station himself.
Fogg filed a declaratory judgment action to determine his rights under the lease. After an ore tenus hearing the trial court construed the lease phrase “Lessor hereby . . . grants Lessee a first option to renew said lease for a first additional three year period” to grant to Lessee a conditional option to renew for another term. Phillips appeals and contends here that the lease gave him an unconditional right to lease the premises for another three year term and that the trial court erred in holding that the lease granted him only a conditional right to lease for an additional term. We disagree.
The trial court found that the lease provision in question was ambiguous and admitted parol testimony to assist it in ascertaining the intention of the parties as to their use of the questioned term in the lease. Phillips contends that the phrase in question is not ambiguous and the trial court erred in admitting parol testimony to explain it.
It is the duty of the trial court to ascertain whether a contract is ambiguous in the light of its terms. Miles College v. Oliver, Ala., 382 So.2d 510 (1980). And, when the contract is found to be ambiguous, parol evidence is admissible to ascertain the true intent of the parties. Johnson-Rast & Hays, Inc. v. Cole, 294 Ala. 32, 310 So.2d 885 (1975).
As noted the trial court determined the contract was ambiguous and admitted the testimony of the parties to explain their intentions in using the phrase in question.
The trial court found that the use of the term “first option to renew” in the lease agreement created such uncertainty as to the rights of Phillips to renew, /. e. did Phillips have a conditional or an unconditional right to renew the lease, that it was required to find the contract ambiguous. Upon so finding, the court then admitted parol testimony of the parties to assist it in determining the use intended by the parties of the phrase in question.
The record reveals that Fogg made it clear to Phillips that at the end of the *1029 original three year term should he (Fogg) wish to lease the premises again, Phillips would have the right of first refusal as to leasing the premises. Phillips denied that Fogg made any such statement about the renewal of the lease. Prior to the end of the original term, Fogg told Phillips that he would not lease the premises again, that he (Fogg) would operate the station himself.
We hold, therefore, that the trial court did not commit reversible error by admitting testimony of the parties that would tend to explain their intentions in using the phrase in question in their agreement.
After concluding that the phrase in question was ambiguous and then admitting pa-rol testimony of the parties to assist it in deciding what the phrase meant, the trial court held that the phrase meant that Phillips had a conditional right to renew the lease, i. e., he would have the right to renew if Fogg desired to lease the premises for another term. And, as stated by the trial court, had Fogg wished to give Phillips an unconditional right to renew he would not have used the word “first.”
The proper meaning to be accorded the use of the phrase in question in a lease agreement is one of first impression in this state but not in other jurisdictions. See Annot., 6 A.L.R.2d 820 (1949).
In Forma v. Moran, 273 App.Div. 818, 76 N.Y.S.2d 232 (1948), the New York appellate court had the following to say about the term “first option” as it is used in a lease:
The lease instrument provides, “It is further understood and agreed that the tenant shall have the first option to renew this lease for a further term at the expiration thereof, at a renewal to be then agreed upon.” The phrase, “first option to renew,” grants a conditional option, meaning that the tenant may renew if the landlord again leases the premises.
See also Landowners Co. v. Pendry, 151 Kan. 674, 100 P.2d 632 (1940).
The trial court said that its decision to hold the lease term to be conditional rather than unconditional was based on the testimony of Fogg and the fact that Phillips, by his attorney, drafted the lease agreement and used the term in question therein.
Factual findings made by the trial court sitting without a jury have the effect of a jury verdict and are accorded a presumption of correctness on appeal which will not be disturbed unless plainly erroneous or manifestly unjust. Johnson-Rast & Hays, Inc. v. Cole, supra. No such error is discerned here.
Supportive of our conclusion that the trial court’s findings are correct is the fáct that Phillips had his attorney prepare the lease in question; thus any ambiguity in the contract must be attributed to Phillips. Ambiguous contracts are construed more strongly against the one who drew them than the one who did not participate in the drafting. International Harvester Co. v. Bostick’s International, Inc., Ala.Civ.App., 365 So.2d 84 (1978).
For the above reasons the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.