This is a civil contempt of court case.
After a hearing, the Circuit Court of Mobile County denied the husband's motion to hold the wife in contempt for her alleged violation of a previous divorce decree.
The husband "appeals" from this denial by way of certiorari, dispositively contending that the evidence does not support the ruling of the trial court. We do not agree with the husband, and the writ of certiorari is denied.
The brief facts are that the parties were divorced on March 31, 1983. The parties jointly owned a motel business, and the divorce decree provided the following in relation to that business:
 "[T]he parties agree that any proceeds of a sale shall be divided on such sums as shall remain after the necessary amounts are spent to refurbish and improve the property occupied by Holiday Inn, West as hereinafter stipulated and the parties have mutually agreed that they shall both use their best efforts to secure such a sale and in the event of a sale the Plaintiff [wife] shall receive the first $200,000.00 and the Defendant [husband] shall receive the next $400,000.00 and the Plaintiff and the Defendant shall divide any remainder in the following manner: Eighty-four (84%) percent to the Defendant and sixteen (16%) percent to the Plaintiff."
(Emphasis added.)
On June 16, 1983, the husband borrowed $200,000 and mortgaged the business. It was uncontradicted that the $200,000 was not directly used to refurbish the business, but was used to pay off smaller loans of the business dating back to 1982.
On August 3, 1983, the business was sold for $1,100,000. On that date, the husband contends, he was forced by the wife to sign an agreement stating that the wife would be paid a total of $275,000 from the proceeds of the sale.
The husband claims that the smaller loans were used to refurbish the motel, and the $200,000 should be subtracted from the total sale price because that money was used to pay off the refurbishment loans; therefore, the wife should only be due proceeds from the $900,000 balance.
The husband contends that the agreement he was forced to sign on August 3, 1983, was in direct conflict with the provisions of the previous divorce decree, and, as such, the wife should be held in contempt and ordered to repay the overage she received.
The wife contends that the agreement of August 3, 1983, was not in contradiction to the divorce decree because the $200,000 should not be subtracted from the total sale price for the reason that the money was not used to refurbish the business as provided in the prior decree. *Page 1285 
As stated, after a hearing, the trial court denied the husband's motion for contempt.
The scope of review by this court in civil contempt cases does not extend to the weight and sufficiency of the evidence, but only to the question of whether any evidence supports the trial court's decision. Blankenship v. Blankenship,420 So.2d 279 (Ala.Civ.App. 1982).
Here, there was conflicting evidence as to whether the smaller loans, which were paid off by the $200,000 loan, were used to refurbish the business or were simply used for general maintenance.
When there is a conflict in the evidence, it is the trial court's duty to resolve that conflict. Harden v. Harden,418 So.2d 159 (Ala.Civ.App. 1982).
Additionally, the wife contends that refurbishment amounts should not include amounts spent before the divorce decree, but should only include, in accordance with the language of the divorce decree, amounts that "are spent" after the decree was rendered. Therefore, the wife claims that the $200,000 should not be deducted from the sale price because that money was used for loans prior to the divorce.
A divorce decree is to be construed like other written instruments, and when there is an uncertainty in the decree, the court must construe the judgment so as to express the intent of the parties or the trial judge. Allen v. Allen,386 So.2d 1176 (Ala.Civ.App. 1980); Price v. Price, 360 So.2d 340
(Ala.Civ.App. 1978).
In view of the language of the divorce decree, clearly the trial court could have properly interpreted the decree as only including amounts spent for refurbishment after the decree was rendered.
Because of the ample evidence that the $200,000 was not used to refurbish the business as provided in the divorce decree, we cannot say that the trial court erred in denying the husband's motion for contempt. Therefore, reversal is not warranted.
In addition, the husband contends that certain evidence was improperly admitted at the hearing before the trial judge.
Without ruling on the admissibility of this evidence, we find that any such error would clearly be harmless, as there was ample, additional evidence to support the finding of the trial court. See Rule 45, Alabama Rules of Appellate Procedure.
As noted above, this is a civil contempt of court case and was decided as such by the trial court. Therefore, any "appeal" in this matter is clearly by way of certiorari. However, appellant, through able counsel, contends in brief that other standards of review should be applied by this court to certain portions of this "appeal."
In deference to counsel, if there is any merit to such contention, which we do not believe there is, under any standard of review there is ample evidence to support the action of the trial court. See Harden, 418 So.2d 159; James v.Bell, 419 So.2d 251 (Ala.Civ.App. 1982).
Writ of certiorari denied.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1286 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1287