This case involves petitions by both parties to the litigation for rule nisi and the husband's petition to modify a final divorce decree.
The parties were divorced on September 12, 1983. Although the record reveals that a great deal of the litigation ensued between the parties between the date of the divorce and the husband's prosecution of this appeal, we will deal only with the facts and the procedure surrounding this appeal.
The wife filed a petition for rule nisi, requesting that the husband be made to appear before the trial court and show *Page 631 
cause why he should not be held in contempt for his failure to make child support payments as provided by the provisions of the divorce decree.
The husband thereafter filed a Rule 60(b) motion or, in the alternative, a motion to modify the parties' final divorce decree. The husband also filed a petition for rule nisi, alleging that the wife and her mother, Mrs. Selma Entreken, had violated the provisions of the divorce decree by, among other things, refusing to grant visitation to him from time to time as required by the parties' divorce decree. The husband's motion to modify the prior decree requested that the court vacate the provisions of the final decree requiring the husband to pay child support.
On July 1, 1986 the trial court denied the husband's Rule 60(b) motion. The trial court subsequently heard both petitions for rule nisi, as well as the husband's motion to modify the decree. At the close of the evidence, the trial court took the case under advisement, and on December 30, 1986 issued its final order. The trial court determined that the husband was in arrears on his child support and in arrears in the amount of his children's medical expenses. The trial court, therefore, held the husband in contempt and ordered that he be taken into custody until he could purge himself of contempt. The trial court also ordered the husband to pay the wife $1,000 as an attorney's fee. Finally, the trial court expressly denied all other relief sought, i.e. the husband's petition to modify the final decree, as well as the husband's petition for rule nisi.
From this judgment the husband appeals and raises several contentions of error. First, the husband alleges that the trial court abused its discretion in denying the relief he sought pursuant to his petition for rule nisi. Second, the husband contends that the trial court erred in granting the wife's petition for rule nisi and ordering the husband's payment of child support and arrearage.
The husband's first contention of error is that the trial court erred in refusing to grant the relief he requested in his petition for rule nisi. The husband, in his petition for rule nisi, sought an order of the court requiring the wife to allow the husband reasonable visitation as required by the divorce decree.
The evidence, however, reveals that the wife did provide the husband with the opportunity to visit with his children. The record reveals that the reason the father was unable to exercise his visitation rights was either because the oldest child did not want to see her father or because the father failed to make a sufficient effort to see his children. Therefore, we are unable to say that the trial court abused its discretion by determining that the mother did not violate the separation agreement by refusing to allow the husband's visitation. See, Roden v. Roden, 466 So.2d 142 (Ala.Civ.App. 1985). We, therefore, affirm the trial court's denial of the husband's petition for rule nisi.
The husband's second contention of error concerns the trial court's order requiring the husband to pay child support as required by the divorce decree and requiring the husband to pay an accumulated arrearage and holding him in contempt until the arrearage was paid. Since this issue involves the husband's "appeal" from an order holding him in contempt, the proper method of review is by way of petition for writ of certiorari where it appears from the record that the petitioner is not incarcerated. See, Hawkins v. Hawkins, 470 So.2d 1283
(Ala.Civ.App. 1985). The scope of review in such cases is limited to questions of law and does not extend to reviewing the weight and sufficiency of the evidence. We are concerned only with whether there is any evidence to support the trial court's decree. Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App. 1979).
In connection with this issue, the husband contends that the wife's petition for rule nisi should not have been granted because the separation agreement, as modified, did not require him to pay child support. The husband asserted at trial that the agreement requiring him to pay support was vague and ambiguous and, therefore, that parol testimony was admissible *Page 632 
for the purpose of demonstrating that he was not required to pay support.
As a general rule, where the terms of an agreement between divorcing parties is doubtful or the language of the agreement is ambiguous, the court may allow testimony regarding precontract negotiations as well as the understanding of the parties. Lowe v. Lowe, 495 So.2d 1123 (Ala.Civ.App. 1986). However, if the terms of a written agreement appear to be both clear and certain, oral testimony regarding the intent or understanding of one of the parties is inadmissible. See,Southern Cafeteria Operating Co. v. Eley, 52 Ala. App. 656,296 So.2d 743 (Ala.Civ.App. 1974). Additionally, whether an agreement is ambiguous is a question of law for the trial court. See, Creative Leasing, Inc. v. Cannon, 496 So.2d 79
(Ala.Civ.App. 1986).
The record and testimony in the present case reveal that the trial court refused to allow the introduction of extrinsic evidence because the parties' separation agreement was unambiguous. Our review of the record and testimony regarding the husband's proffered parol testimony reveals that sufficient evidence exists to support the trial court's conclusion that the decree was unambiguous. See, Hawkins v. Hawkins, supra. We, therefore, affirm the trial court's ruling regarding the inadmissibility of parol testimony to explain the husband's intent in drafting the unambiguous separation agreement.
As to the husband's contention that the trial court erroneously held him in contempt for failure to pay child support, the record contains evidence that the husband failed to pay child support as ordered in the divorce decree. Because the evidence supports the trial court's finding that the husband had failed to pay child support as ordered, its decree holding the husband in contempt must be upheld.
We, therefore, affirm the trial court's rulings with respect to the trial court's rulings on both petitions for rule nisi.
We also note that the wife has requested an attorney's fee for her attorney's services in the prosecution of this appeal. The wife's request is hereby granted and an attorney's fee is awarded in the amount of $400.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.