BRADLEY, Presiding Judge.
This is a divorce case.
Dorothy Irvine Wells (wife) and Winston Willis Wells (husband) were married June 25, 1966. In April 1987 the wife filed for divorce and the husband subsequently filed a cross bill for divorce. The Mobile County Circuit Court granted both parties’ divorce on November 16, 1987. The wife appeals. We affirm.
The parties separated in February 1987, at which time the husband left the marital home. The wife is an assistant lab director for a hospital and the husband owns a rope company. In April 1987 the wife filed for divorce, alleging she had been physically abused and feared for her safety. In May 1987 the husband filed a cross bill for divorce on the ground of incompatibility. The wife did not seek alimony but, rather, asked for a division of property. Testimony and evidence were presented to the trial court on September 3,1987. The wife filed a motion to reconsider on September 23, 1987. The trial court conducted a hearing on this motion on October 29, 1987 and denied the motion. A final divorce decree was rendered on November 16, 1987, which granted a divorce to both parties and divided the property of the husband and wife.
The decree ordered the husband to convey all his interest and title in the marital home to the wife and to pay the second mortgage, holding the wife harmless for any default. The wife was ordered to pay the first mortgage. The court further ordered the sale of two other parcels of real estate with each party receiving one-half the proceeds. The husband was to receive the interest in the rope company. Each party was awarded the automobile he was driving and his own IRA account. The wife also kept her savings account, her credit union account, and $20,000 worth of stock. The husband was ordered to pay $2,500 for the wife’s attorney’s fee.
The wife contends on appeal that the trial court inequitably divided the marital assets because it failed to award her an interest in two corporations owned by her husband. The wife also says that the trial court erred in denying her motion for reconsideration of the original decree.
Division of property in divorce cases presented ore tenus is a matter well within the sound discretion of the trial court, and its judgment is presumed correct and will not be altered on appeal without a showing that the trial court was palpably wrong. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986). In dividing marital property, the court may consider factors such as the source of the property, the age and health of the parties, the future prospects of the parties, and the length of the marriage. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). The division need not be equal but should be equitable according to the nature of each individual case. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985).
The wife says that the trial court failed to consider the value of the two corporations owned by the husband in dividing the marital property. She contends that the corporations are worth in excess of $200,-000 and, hence, that the court’s division of property is inequitable.
There is evidence in the record that in 1987 one of the husband’s corporations had a net worth of minus $36,101. The other corporation in 1986 had a net worth of $5,369.
The wide disparity in the evidence as to the value of the corporations owned by the husband was resolved by the trial court awarding the corporations to the husband. The resolution of conflicting evidence is a prerogative of the trial court. Hawkins v. Hawkins, 470 So.2d 1283 (Ala.Civ.App.1985). In view of the evidence, the court could have reasonably concluded that *34 the corporations had very little present worth. Furthermore, the wife received the marital home, with husband required to pay the second mortgage, one-half of the proceeds from the sale of two lots owned by the parties, the car she was driving, her savings account, credit union account, and $20,000 worth of stock.
Based on the evidence, we cannot say that the division of the marital property was inequitable, especially since the wife is presently employed and earning about $27,-000 a year, and her prospects for the future are good.
The wife also argues that the trial court erred to reversal by refusing to grant her motion for reconsideration. We consider wife’s motion to be a Rule 59(e), Alabama Rules of Civil Procedure, motion to alter, amend, or vacate the original decree. She says that the trial court failed to consider certain evidence introduced at the trial on the merits.
The denial of a Rule 59(e) motion will not be set aside unless the record shows that the trial court’s order is plainly and palpably wrong. See, Lockhart v. Phenix City Investment Co., 488 So.2d 1353 (Ala.1986).
The record reveals that the motion for reconsideration was filed on September 23, 1987 and denied on October 29, 1987. The final divorce decree was not rendered until November 16, 1987. There is nothing in the record to indicate that a property division was finalized by the trial court prior to the final divorce decree. In this state of the record the reconsideration motion and its disposition are premature, i.e. the reconsideration motion was disposed of prior to the final decree. The trial court properly denied the motion.
Notwithstanding this disposition of the reconsideration motion, we examined the merits of the motion and found that the trial court’s order denying the motion would not have been plainly or palpably wrong had the motion been properly presented.
Thus, we do not find that the court abused its discretion in dividing the parties’ property nor in denying wife’s motion to reconsider. The decree of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.