CRAWLEY, Judge,
dissenting.
As the majority observes, “[wjhether an agreement is ambiguous is a question of law to be determined by the trial court.” I dissent because I believe the trial court erred by finding this agreement to be ambiguous and by allowing parol testimony concerning the intent of the parties.
“As a general rule, where the terms of an agreement between divorcing parties is doubtful or the language of the agreement is ambiguous, the court may allow testimony regarding precontract negotiations as well as the understanding of the parties. Lowe v. Lowe, 495 So.2d 1123 (Ala.Civ. App.1986). However, if the terms of a written agreement appear to he both clear and certain, oral testimony regarding the intent or understanding of one of the parties is inadmissible. See Southern Cafeteria Operating Co. v. Eley, 52 AlaApp. 656, 296 So.2d 743 (Ala.Civ.App.1974).”
Croft v. Croft, 513 So.2d 630, 632 (Ala.Civ. App.1987) (emphasis added).
*38 The employment agreement and the judgment of divorce should be construed together, because they refer to the same subject matter and they were drafted at the same time. See Pacific Enterprises Oil Co. v. Howell Petroleum Corp., 614 So.2d 409 (Ala.1993). Both writings refer to the annual payment to the wife as a “bonus.” The term “bonus” is clear and certain and should be given its plain meaning, which is “money or an equivalent given in addition to an employee’s usual compensation.” Webster’s Ninth Collegiate Dictionary 167 (1988).
The following provision of the employment agreement is also clear and certain and should be given its plain meaning: “[Upon the wife’s giving 90 days’ written notice of her intent to terminate the agreement] all obligations of the parties under this Agreement, except accrued but unpaid compensation owing by [Gadsden Health Care Center] to [the wife] shall cease and this Agreement shall terminate forthwith.” The short reference in the divorce agreement to the eight-page employment agreement was included at the insistence of the former wife’s attorney only to ensure the former husband’s compliance with the employment agreement; thus, it did not include the above-quoted termination provision. When the wife resigned her position with Gadsden Health Care Center, the corporation’s (and the husband’s) obligation under the employment agreement ceased.
The trial court’s initial determination — that the writing was ambiguous — was an error on a question of law. A trial court’s conclusion on a question of law carries no presumption of correctness on appeal. Ex parte Cash, 624 So.2d 576 (Ala.1993). Because the agreement was not, as a matter of law, ambiguous, the trial court should not have received evidence on the intent of the parties. Likewise, this court should not accord the trial court’s resolution of conflicting evidence on the intent of the parties a presumption of correctness.